[No. 1,048.]

## M. C. LAKE, Appellant, *v.* J. C. LEWIS, Respondent.

Specific Performance of Contract — Failure to make Payments — When Time is not of the Essence of the Contract. — Where no time is specified in the contract for the payment of the purchase money, and no penalty is imposed for default of payment, and the purchaser is allowed to enter into the possession and improve the property, and the grantor afterwards accepts the purchase money: *Held*, that the acceptance of the money was a waiver of any default in payment, and that the purchaser was entitled to a deed.

Idem—Presumptions where Findings are Silent.—Where the findings are silent upon the question of the time of payment, or the effect of failure to make prompt payment, or of delays or defaults of vendor or vendee, it will be presumed that time was not of the essence of the contract. In such a case it will not be held that a failure to make prompt payment created a forfeiture of the purchaser's rights.

Appeal from the District Court of the Second Judicial District, Washoe County.

The facts appear in the opinion.

*R. M. Clarke*, for Appellant:

I. Lake having the legal title, the defendant having failed to pay and having set up both payment and adverse possession, Lake was entitled to recover possession of the premises in this action of ejectment. (Tyler on Eject. 46; *Paige*

v. *Cole*, 6 Iowa, 153; *Evans* v. *Lee*, 12 Nev. 393, 399; Story's Eq. Jur., sec. 761; Willard's Eq. Jur. 285.)

II. Lewis' occupancy was not adverse, but was subordinate and in privity with Lake. To constitute a bar, Lewis' possession should have been both adverse and under claim of title. (Tyler on Eject. 859, 860, 861, and cases cited, 874–878; *Jackson* v. *Bard*, 4 Johns. 231; *Jackson* v. *Johnson*, 5 Cow. 74.)

*C. S. Varian*, for Respondent:

I. It may be doubted whether ejectment lies at the suit of the vendor to recover the premises. (1 Sug. Vend. 276; Hill. on Rem. for Torts, sec. 23; *Arguello* v. *Edinger*, 10 Cal. 150.) The remedy by ejectment to enforce payment of the purchase price, is always conditional; that is, the judgment rendered is conditional upon the non-payment by the defendant in the action of the money due. If he pays even after judgment, he satisfies the record, and the plaintiff is only entitled to his costs. (*Hamm* v. *Beaver*, 31 Pa. St. 58; *Chadrick* v. *Felt*, 35 Id. 305; *Lauer* v. *Lee*, 42 Id. 165; *Taylor* v. *Abbott*, 41 Id. 352; *Hill* v. *Oliphant*, Id. 364; *Cadwallader* v. *Berkheiser*, 32 Id. 43; *Waters* v. *Waters*, Id. 307.)

II. If the plaintiff can recover the premises, it must be upon the theory that he rescinds the contract of sale. A party rescinding must put the opposite party *in statu quo*. (*Hunt* v. *Silk*, 5 East, 449; *Richardson* v. *Kuhn*, 6 Watts, 299; *Willis* v. *Wozencraft*, 22 Cal. 607.)

By the Court, BELKNAP, J.:

This is an action of ejectment to recover the possession of town lots in Reno. The defendant, in his answer, sets forth, among other defenses, that during the month of December, 1868, and when the plaintiff was the owner of the premises in controversy, he sold a portion thereof unto one W. C. Lewis, and thereupon let him into possession; that under the terms of the sale the purchaser was not entitled to a deed of conveyance of the premises until the payment of the purchase money, and that this money, amounting to the sum of seventy-five dollars, was paid during the month

of June, 1875. · In the mean time, and during the year
1871, the defendant purchased from W. C. Lewis that por-
tion of the premises theretofore purchased by him from
plaintiff, and entered into possession thereof. A sale of a
similar nature made by plaintiff directly to defendant in the
year 1869, of the remaining portion of the lots, is also set
forth. It is further alleged that upon entering into posses-
sion defendant and his grantor, upon the faith of these
sales, made permanent improvements of the aggregate value
of three thousand dollars upon all of the lots, and that
plaintiff has refused to make a deed of conveyance of the
premises to either W. C. Lewis or the defendant. The an-
swer asks that plaintiff be required to make such convey-
ance to defendant in his own right, and as the successor in
interest of W. C. Lewis.

The case was tried before a jury, by whom the facts
touching the alleged sales were found substantially as
claimed by defendant, save that he had not paid the pur-
chase price of that portion of the premises purchased by
himself directly from the plaintiff. Thereupon the court
adjudged that defendant pay unto plaintiff, within thirty
days, the purchase money found due, to wit, the sum of
three hundred and eleven dollars, and that within five days
thereafter plaintiff deliver unto defendant a deed of con-
veyance of the premises. From this judgment and decree
plaintiff has appealed.

The point to which our attention is called as ground for
reversal of the judgment is, that the legal title being in
plaintiff, and defendant having failed to pay the purchase
money, and having pleaded payment and adverse possession,
plaintiff was entitled to have recovered in this action.

It is well settled that under our system of practice a
party may set up in defense to an action at law whatever
legal or equitable defenses he may have. The equitable
title of defendant as pleaded was sufficient to have defeated
a recovery, and to have entitled him to a specific perform-
ance of the contract. He failed, however, to establish pay-
ment of the purchase money, and it becomes necessary for
us to consider the effect of such failure.

There is no doubt that in equity time may be made of the essence of the contract, either by express stipulation or when it necessarily follows from the nature and circumstances of the contract. The authorities in this country generally hold that courts of equity will in no case consider it immaterial. (1 Story Eq. Jur., sec. 776; *Scott* v. *Fields*, 7 Ohio, 431.) But the facts of each case must determine whether the parties have or have not made time of the essence of the contract.

In looking at the facts of the case under consideration as appears from the findings of the jury (for the evidence is not brought up), it would seem that time was not made of the essence of either of these contracts. We reach this conclusion in reference to the contract entered into with W. C. Lewis, because it is not shown that any time was specified for the payment of the purchase money, or that any penalty was to have been imposed for default in payment. On the contrary, he entered into possession and permanently improved the property with the presumed approbation of the plaintiff, and in the year 1875 the plaintiff accepted the purchase money from him. The acceptance of this money was of itself a waiver by plaintiff of any default in payment.

In regard to the contract of sale between plaintiff and defendant, the fact that defendant was at the time of the purchase engaged in the business of printing, and that the purchase price was to have been paid either in printing or money, tends to prove that no definite time for payment was fixed.

But without pursuing this subject further, it is sufficient to say that as the findings are silent upon the question of the time of payment, or the effect of failure to make prompt payment, or of delays or defaults of vendor or vendee, we must conclude that time was not of the essence of the contract. We can not hold that a failure to make prompt payment of itself created a forfeiture of defendant's rights under the contract.

In *Brashier* v. *Gratz*, 6 Wheat. 528, the supreme court of the United States, in considering this subject, said: "The

rule that time is not of the essence of a contract has certainly been recognized in courts of equity; and there can be no doubt that a failure on the part of a purchaser or vendor to perform his contract on the stipulated day does not, of itself, deprive him of his right to demand a specific performance at a subsequent day, when he shall be able to comply with his engagement." But if circumstances are so changed that the object of the party can no longer be accomplished, and he can not be placed in the same situation as if the contract had been performed at the time stipulated, a court of equity will leave the parties to their remedy at law.

To the same effect is the case of *Longworth* v. *Taylor*, 1 McLean, 402: "To hold that the failure of the vendee to pay the purchase money for an hour or a day, should of itself authorize the vendor to rescind the contract, would disregard the distinction which has heretofore been made between the action of a court at law and chancery.  *  *  * If the chancellor finds that the delay of payment has not operated injuriously to the vendor; that the condition of the parties is the same as when the payment should have been made; that the value of the property has not materially changed, and that the same justice can be done under the circumstances, as if the payment had been made at the time stipulated, chancery will not refuse its aid."

The finding of the jury to the effect that defendant's possession had been adverse, need not be considered, because it was disregarded by the court in its judgment and decree.

Judgment affirmed.