LIME ROCK RAILROAD COMPANY *vs.* LUCY C. FARNSWORTH.

Knox.   Opinion December 20, 1893.

*Railroads. Location. Land. Description. Damages. R. S., c. 1, § 6, cl. X; c. 51, §§ 14, 19.*

A railroad company in taking by statute authority a strip of land for the location, construction, repair and convenient use of its road, thereby takes all the marble or limerock upon or under the surface of such strip.

If such marble or limerock is owned separately from the ownership of the rest of the land, the railroad company can maintain a petition for the assessment of the damages that the owner of the marble or limerock has sustained from such taking.

Of the description of the property so taken.

AGREED STATEMENT.

This was an appeal by the defendant from an award of damages made by the County Commissioners upon the petition of the Lime Rock Railroad Company who had taken her property within its location. In the court below the parties stated their case as follows :—

"The petitioners, the Lime Rock Railroad Company, in their petition set forth that said railroad, as located by its several locations, aforesaid, includes within its location the following described real estate situate in said Rockland, viz :— a strip of land four rods wide, being two rods on either side of and parallel with the centre line of the Lime Rock Railroad, on the Engine Quarry Branch, so called, and running from land of the Cobb Lime Co., formerly of Susan Singhi, on the Northeast to land of Cobb Lime Co., formerly of John H. Adams on the Southwest ; that said land is necessary for the purposes and uses of said Lime Rock Railroad and said Lime Rock Railroad Company

have taken the same for the location, construction, repair and convenient use of its road as for public uses, and all the materials in and upon it in accordance with the provisions of its charter and the statutes of this State in such cases made and provided ; that when said location was filed and approved, the limerock and minerals in the above-described land was owned by Lucy C. Farnsworth of Rockland ; that the Lime Rock Railroad Company have settled with the owners of the soil for the damage occasioned by crossing said land as aforesaid, and prays that the county commissioners will estimate and assess the damage to which the above-named Lucy C. Farnsworth is entitled by reason of the taking by your petitioner, of said real estate to be paid to the said Lucy C. Farnsworth by your petitioner."

"It is admitted that the Lime Rock Railroad Company is legally authorized and empowered to take and hold land for the purposes above mentioned ; that its lines of railroad are legally located, accepted and recorded.

"It is admitted that Philip Ulmer in 1813 conveyed to Andrew Ulmer, 'all the marble or limerock' which is within the lot of land, over which the road is located, — this conveyance being separate and distinct from that of the soil ; that the title of Andrew Ulmer, under this deed, through several mesne conveyances, was, at the time of the taking by the railroad company, in Lucy C. Farnsworth ; also that the title to the soil has come down from Philip Ulmer, through various channels, until it reached the owner at the time of the taking by the railroad company, with which owners the railroad company has settled for the damages caused by such taking.

"It is admitted that no marble or limerock, within the location aforesaid, was actually taken or used for the construction of the railroad and that it is not known that there is any marble or limerock within the land taken for such location, — there being none on the surface of the earth, though valuable quarries have been opened in the immediate vicinity of said location.

"At the time of the hearing on said petition, before the county commissioners, Lucy C. Farnsworth filed with them a motion to dismiss the proceedings for the following alleged reasons :—

"1st.    Because said petition does not allege or set forth that any land or lands of Lucy C. Farnsworth have been taken or used by said railroad company.

"2nd.    Because the petition aforesaid alleges that the land for the right of way described in said petition has been purchased or settled for by said railroad company.

"3d.    Because the statute confers no right or authority on railroad corporations to appropriate or take limerock or other minerals separate from lands or soil; nor does it confer upon boards of county commissioners jurisdiction to assess damages therefor.

"4th.    Because said petition does not set forth that any of the limerock and minerals therein mentioned has in fact been taken or appropriated by said railroad company."

"If upon the foregoing statement of facts, the petition for assessment of damages aforesaid can be sustained, and damages legally assessed, the petition and appeal is to stand for trial, otherwise the petition is to be dismissed with costs for the appellant."

*C. E. and A. S. Littlefield*, for plaintiff.

*Mortland and Johnson*, for defendant.

There is no statute authorizing the taking of minerals alone for public purposes; neither can they be lawfully incumbered except in connection with the taking of land.    Mills, Em. Domain, 52; *Blake* v. *Rich*, 34 N. H. 282; *Woodruff* v. *Neal*, 28 Conn. 165; *Barclay* v. *Howell*, 6 Pet. 498.    Can be acquired only by purchase.    1 Redf. Rys. 265.    Where it is necessary to excavate, the authorities may remove, but not use such materials. *Smith* v. *Rome*, 19 Geo. 89; *Adams* v. *Emerson*, 6 Pick. 56; *Overman* v. *May*, 35 Iowa, 89, and cases *supra*.    There has been no taking of limerock — none used in construction.    Railroads cannot take as for public uses, limerock, or other minerals, that are owned separately and distinctly from the soil.    Statute to be construed strictly.    Company has already acquired all the rights possible under the statute.    Taking must be in a physical

sense, Sedg. Stat. Law, 454-5, not by separate proceeding. *Eaton* v. *R. R.* 51 N. H. 504.

The location and maintenance of this railroad over a deposit of a valuable vein of limerock would injure the owner exceedingly, and the damages, if any could be awarded, would be great.   If on the other hand, no limerock in fact was there, or if any, that of a poor quality, then the damages, if any, would be nominal.   But how would the board of county commissioners ascertain the facts necessary to enable them to make a just, or any estimation of the damages, if any?   Shall they be required to dig down into the bowels of the earth and ascertain if there be any such deposit there, and ascertain the quantity and quality of such limerock?   or will they, in "stating the rights and obligations" of the railroad company, require the company to so ascertain?   The damages are remote and depend upon contingencies.   They cannot be assessed in this proceeding.   Sedg. Stat. Law, 455 ; *Eaton* v. *R. R. supra.*   There is no sufficient description of the marble or limerock.   *Hamor* v. *Water Co.* 78 Maine, 134, and cases.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

EMERY, J.   There is a tract of land in Rockland with a divided ownership.   Lucy C. Farnsworth owns "all the marble or lime rock" within the tract.   A third party, whose name is not stated, owns all the rest of the tract.   The Lime Rock Railroad Company "for the location, construction, repair and convenient use of its road" has assumed to take and hold as for public uses out of this tract, a strip of "land and all materials in and upon it," in accordance with R. S., c. 51, § 14.   The railroad company, so far, has not actually taken or used any marble or limerock out of the land, and it is not known that there is any such material within the land.

The railroad company has settled with the third party for all damages caused him by such taking, and now, according to R. S., c. 51, § 19, has filed its petition for the ascertainment of the damages caused Mrs. Farnsworth by the same taking.   Mrs.

Farnsworth has moved for the dismissal of the petition. She contends that the court cannot take cognizance of the petition for reasons substantially as follows: 1st, that the railroad company has not assumed to take as for public uses, or in any way to appropriate, her "marble or limerock," nor indeed to take any of her interest in any land. 2d, that the statute does not authorize the taking of marble or limerock for railroad purposes.

The railroad company was by statute authorized to take the particular strip of land it assumed to take, no matter who owned it, nor how minutely its ownership was subdivided. The statute (R. S., c. 51, § 14) does not mention estates, titles or interests in real estate, as subjects for condemnation. It speaks solely of "land and all materials in and upon it." It means not personal interests in lands, but the land itself, the *res*. The process of taking the land in the first instance is not against persons having estates or interests in the land. They are not summoned to show cause against the taking. There is no occasion for the company to consider the ownership, or divisions of ownership, until the beginning of the subsequent proceedings for the estimation and payment of damages. Up to this point the railroad company has to deal with the land only.

The term "land" in this statute evidently has its comprehensive common law signification, including "not only the face of the earth but everything under it or over it," (2 Bl. Com. 18,) at least so far as necessary for the location, construction, repair, and convenient use of the railroad. R. S., c. 1, § 6, cl. X; *State* v. *Railroad Commissioners*, 56 Conn. 308 (15 Atl. Rep. 756); *Jefferson Gas Co.* v. *Davis*, 147 Pa. St. 130 (23 Atl. Rep. 218). It follows that Mrs. Farnsworth's interest in this land, her "marble or lime rock" therein, if any, was lawfully taken by the company as for public uses, when it took the land itself.

The company was bound to make just compensation to all the different owners, as soon as it had taken the land under its statute authority. It did not need to delay this compensation until it had entered upon or made some use of the land, or of

the materials in and upon it.   The petition in this case was not prematurely filed.   The company has the right to procure an early adjudication of Mrs. Farnsworth's damages, if any, even before entering upon the land.

The uncertainty of the existence of any marble or limerock in the land does not bar the petition.   There is a possibility of their existence, and hence a possibility that Mrs. Farnsworth has suffered some damage by the taking the land.   This possibility the company is entitled to guard against by making seasonable compensation to her.

It is urged that there can be no just estimate of damages under this petition, for the reason that it is physically impossible to determine the existence, or quantity, or quality of any marble or limerock under the surface of this land.   Our remarks upon the elements of the damage, or the mode of assessing them, will be mere *dicta,* as those questions do not arise at present, but we have been shown no reason why the rules and principles applicable in other cases of assessing damages for taking land, are not applicable in this case.   If Mrs. Farnsworth's interest in the land had no market value just before the taking, she has not suffered any legal damage.   If her interest then had a market value, how much was it reduced by the company's action would seem to be the question.   The existence and the depreciation of the market value can be determined in this case by the same kind of evidence as in other cases.   This was the mode followed in Pennsylvania in cases similar to this.   *Reading Co.* v. *Balthaser,* 119 Pa. St. 472  (13 Atl. Rep. 294) ; *Penn. Gas Co.* v. *Versailles Fuel Co.* 131  Pa. St. 522 (19 Atl. Rep. 933).

An objection is urged against the form of the petition that it does not state in terms that some "land" of Mrs. Farnsworth had been taken.   The petition describes the land taken, and then describes Mrs. Farnsworth's interest in the land.   This is sufficient.

*Motion to dismiss denied.   Petition sustained and case remanded for trial.*