[No. 1666.]

MRS. C. I. CANDLER AND WILLIAM CANDLER, HER HUSBAND, RESPONDENTS *v.* THE WASHOE LAKE RESERVOIR AND GALENA CREEK DITCH COMPANY, A CORPORATION, APPELLANT.

1. COSTS—AWARD ON APPEAL. An appellant, to whom costs have been awarded on appeal, must comply with the statute and rules of the court governing the taxation of costs, in order to make the decision effectual.

2. SAME—TAXATION—RULE OF COURT. The method of taxing costs in the Supreme Court is governed by Supreme Court Rule VI (see page 6 of this volume), and not by Civil Practice Act, sec. 486 (Comp. Laws, 3581), which is applicable to district courts only.

3. SAME—COST BILL—NECESSITY. Supreme Court Rule VI, subdivisions 1 and 2, allowing as costs taxed in the bill of costs the expense of printing transcripts, affidavits, briefs, etc., authorizing the clerk to tax other costs in accordance with the fee bill, and providing that either party desiring to recover costs for printing, shall before the cause is submitted file with the clerk and serve on the opposite party a verified cost bill, requires the filing of a cost bill for expenses of printing in the time specified, or the same cannot be allowed, in the absence of agreement by counsel, made in open court or by stipulation filed; but the other costs, including the costs in lower court, may be taxed without a bill of costs, according to the fee bill.

ON MOTION to strike out cost bill. **Granted.**

The facts sufficiently appear in the opinion.

*Cheney & Massey,* for Respondents:

I. The cost bill in this action was not filed within the time prescribed by the laws of the State of Nevada.

II. Said cost bill was not filed within the time prescribed by subdivision 2 of rule VI of this court.

*Mack & Farrington,* for Appellant:

I. There is no provision of the statute requiring cost bills to be filed in the supreme court within two days.

II. Section 3581 of the Compiled Laws of Nevada does not apply to the practice in the supreme court. (*Gray* v. *Palmer,* 11 Cal. 341.)

III. When the legislature adopts the laws of another state, it is presumed to adopt the construction placed upon it at the time of its adoption. Section 3581, Compiled Laws of Nevada, was taken from the laws of California, hence the

construction placed upon that section by the Supreme Court of California ought to prevail in this state. (*State ·v. Robey*, 8 Nev. 320; *McLane* v. *Abrams*, 2 Nev. 206; *Williams* v. *Glasgow*, 1 Nev. 537.)

IV. It does seem to us that where a new trial is ordered or decisions modified the lower court should be commanded to carry out the order of the supreme court, and, when it does so, section 3581 would be applicable.

By the Court, NORCROSS, J.:

The appellant in this case was awarded its costs upon appeal. (See page 151 of this volume.) Subsequent to the filing of the opinion and decision in the case, but before the time had elapsed for issuance of remittitur, counsel for appellant filed with the clerk of this court a cost bill, covering the fees and charges of the clerk of this court, the cost of typewriting the transcript on appeal, and what doubtless is the costs of the clerk of the lower court in perfecting the appeal. Counsel for respondent have moved to strike this cost bill from the files, upon the ground that it was not filed within the time prescribed by statute or rule of court.

While the decision in this case gave the appellant its costs upon appeal, appellant must come within the laws or rules regulating the matter of costs, to make the decision in respect to costs effectual. Costs can only be recoverable in pursuance of the provisions of statute or rule of court. (*McKenzie* v. *Coslett*, 28 Nev. 220, 80 Pac. 1070.) Subdivisions 1 and 2 of rule VI of this court (see page 6 of this volume) read as follows: "(1) The expense of printing or typewriting transcripts, affidavits, briefs, or other papers on appeal in civil causes and pleadings, affidavits, briefs, or other papers constituting the record in original proceedings upon which the case is heard in this court, required by these rules to be printed or typewritten, shall be allowed as costs, and taxed in bills of costs in the usual mode; *provided*, that no greater amount than twenty-five cents per folio of one hundred words shall be taxed as costs for printing, and no greater amount than twelve and one-half cents per folio for one copy only shall be taxed as costs for typewriting.

All other costs to be taxed by the clerk in accordance with the fee bill. (2) Either party desiring to recover as costs his expenses for printing or typewriting in any cause in this court, shall, before said cause is submitted, file with the clerk and serve upon the opposite party a verified cost bill, setting forth or stating the actual cost of such printing or typewriting, and no greater amount than such actual cost shall be taxed as costs."

The method of taxing costs in this court is governed by rule VI; section 486 of the civil practice act (Comp. Laws, 3581) being applicable only to district courts. (*Gray* v. *Gray*, 11 Cal. 341; *Ex parte Burrill et al.*, 24 Cal. 350.) In the absence of an agreement by counsel, made in open court or by stipulation filed, the provisions of rule VI relative to the time of filing cost bills must be complied with to entitle a party to recover those costs which are required to be embraced within a cost bill, to wit, the expense of printing or typewriting transcripts, affidavits, etc. All other costs are to be taxed by the clerk in accordance with the fee bill, and for such costs a cost bill is not requisite. Rule VI is broad enough to allow the clerk of this court to tax the costs made in the court below upon the appeal in accordance with the fee bill. The record on appeal will show what costs have been made in the lower court in perfecting the appeal; but, for convenience of the clerk, appellants may provide the clerk with a memorandum of such costs, which he can verify by a reference to the fee bill.

The cost bill in this case, not having been filed within the time required by the rule, will be stricken out.