[No. 1681.]

WILLIAM J. BRANDON, APPELLANT, *v.* N. H. WEST, AS ADMINISTRATOR OF THE ESTATE OF B. G. CLOW, DECEASED, ET AL., RESPONDENTS.

1. SPECIFIC PERFORMANCE — EXECUTED CONTRACT — BURDEN OF PROOF. Where, in a suit to compel the execution of a deed on an executed oral contract for the sale of land, there was a doubt as to whether the vendor intended to sell the land in fee or only the sand thereon, the court properly refused to enforce a conveyance of the freehold to complainant, the burden being on him to clearly establish an executed sale.

2. SAME—LIABILITY OF HEIRS. Where the owner of land granted to complainant by an executed oral sale all the sand on the land, the legal title to the land having passed to such owner's descendants by operation of law, it was incumbent on them to convey to complainant the right purchased.

3. EQUITY — PLEADING — VARIANCE. Where complainant sued to enforce the execution of a deed under an alleged executed oral contract for the sale of certain land, but his proofs showed that only an easement entitling complainant to remove the sand from the property had been sold, the variance was not fatal, but complainant was entitled to relief to conform to the proof to prevent a multiplicity of suits.

4. COSTS—APPEAL—TRANSCRIBING RECORDS—TYPEWRITING BRIEFS. Under Supreme Court Rule VI (see page 6 of this volume) providing that the expense of printed transcripts on appeal in civil cases and papers constituting the record in original proceedings required by the rules to be printed shall be allowed as costs, the cost of transcribing the record on appeal and of typewriting briefs are properly taxable against the losing party.

FITZGERALD, C. J., dissenting.

APPEAL from the District Court, Washoe County; *B. F. Curler,* Judge.

Suit by William J. Brandon against N. H. West, as administrator of the estate of B. G. Clow, deceased, and others. From a decree in favor of defendants, plaintiff appeals. **Reversed.**

. The facts sufficiently appear in the opinion.

*Mack & Farrington*, for Appellant:

I.   In this action plaintiff sought to compel defendants as the administrator and heirs-at-law of B. G. Clow, deceased, to execute a deed to plaintiff of a piece of land, less than one acre in extent, near Reno, being a piece of land plaintiff purchased from B. G. Clow just before the death of the latter. The evidence shows clearly that plaintiff purchased the land in question from B. G. Clow a short time before the death of the latter; that the plaintiff paid for the land; that the purchase price was delivered to and accepted by said B. G. Clow; and that said B. G. Clow placed plaintiff in possession of said land.

II.   The plaintiff after purchasing said land improved the same at least to the extent of $300. The evidence given by the witnesses for plaintiff shows, without contradiction, that plaintiff purchased, paid for, took possession, and improved said land under the terms of said purchase, and was afterwards locked out from said land.

III.   The evidence shows that the administrator of the estate of B. G. Clow, deceased, is a proper party to the action, and the action can be maintained against the estate. (Comp. Laws, 2951.)

IV.   A contract relating to land will be enforced as a matter of course if it is fair and definite in its terms and stands upon a sufficient consideration. (*Young* v. *Daniels*, 2 Iowa, 126; *Throckmorton* v. *Davidson*, 68 Iowa, 643; *Fowler* v. *Marshall*, 29 Kan. 665; *Poplin* v. *Foley*, 61 Md. 381; *St. Paul Div.* v. *Brown*, 9 Minn. 157; *Aston* v. *Robinson*, 49 Miss. 248; *Johnson* v. *Dodge*, 17 Ill. 433; *Modiscott* v. *Johnson*, 2 Blackf. (Ind.) 431; *Shriver* v. *Seiss*, 49 Md. 384; *Ensign* v. *Kellogg*, 3 Pick. 5; *Bogan* v. *Daughdrill*, 51 Ala. 312; *Chambers* v. *Alabama Iron Co.*, 67 Ala. 353; *McClure* v. *Otrick*, 118 Ill. 320.)

V.   The evidence shows plaintiff fully performed his part of the contract and is entitled to the relief prayed for in the complaint; also shows that the contract is certain, fair in all its parts, just, and equitable, for a valid consideration, and capable of being performed. And it also shows that the performance on the part of plaintiff and improvements of the

same took it out of the statute. (*Schroeder* v. *Gemeinder*, 10 Nev. 355; *Hyatt* v. *Hunt*, 15 Pac. 410.) The court having found that plaintiff had purchased and paid for the sand and the exclusive right to remove the same, it was the duty of the court to decree a conveyance to plaintiff and the right to take the same, so as to adjust all rights of plaintiff and make the relief complete. The court should also have given plaintiff judgment for his costs, and it was error in the court to refuse to grant said relief. (16 Cyc. subd. C, p. 478; *McCaughey* v. *Brown*, 46 Ark. 34; *Craft* v. *DeForrest*, 53 Cal. 656; *Walker* v. *Logan Heirs*, 5 B. Mon. (Ky.) 530; *Ames* v. *Gilmore*, 59 Mo. 541; *Wilson* v. *Crowell*, 32 Wis. 662; *Sutherland* v. *Rose*, 47 Barb. 144; *Smith* v. *Doak*, 3 Tex. 215.) Even if the plaintiff had failed to show he was entitled to the relief prayed for in his complaint the court should have given him such other relief as the bill and proof showed him entitled to, under the general relief prayed for in his prayer. (16 Cyc. 487, 488; *Rogers* v. *Brooks*, 30 Ark. 612; *Harville* v. *Blair*, 8 W. C. Rep. 214; *Rollins* v. *Forbes*, 10 Cal. 300; *Mock* v. *City of Santa Rosa*, 58 Pac. 826; and many other authorities cited in 19th Century Digest under heading "Equity," sec. 1011.) The court having found that plaintiff was entitled to a lesser relief than prayed for in his complaint, and at the same time found that defendants were entitled to a judgment against plaintiff for their costs, it is such a conflict as cannot be reconciled, and when compared shows conclusively that plaintiff was entitled to at least a lesser relief and costs.

VI. The power to specifically enforce verbal agreements for the sale of lands is not to be exercised as a matter of right to the party demanding it, but only under a sound legal discretion resting in the court in view of all the circumstances of the case. "A decree for the specific performance of a contract for the sale of real estate does not go as a matter of course, but is granted or withheld according as equity and justice seem to demand in view of all the circumstances of the case." (*McCabe* v. *Matthews*, 155 U. S. 550.) This form of relief is not a matter of absolute right to either party; but a matter resting in the discretion of the court,

to be exercised upon a consideration of all the circumstances of each particular case. (*Willard* v. *Talce*, 8 Wall. 557.) It is not always a matter of course to decree a specific performance of contracts. Much depends upon the sound discretion of the chancellor, upon a view of all the circumstances of the case, but this discretion must not be arbitrary nor capricious, but must be regulated upon grounds that make it judicial. (*Schroeder* v. *Gemeinder*, 10 Nev. 355; *Purcell* v. *Miner*, 4 Wall. 513.) As further illustrating the requirement that the oral contract sought to be specifically enforced by virtue of part performance must be certain, definite, and free from ambiguity, see the following: *Colson* v. *Thompson*, 2 Wheat. 336; *Poland* v. *O'Connor*, 93 Am. Dec. 327; *Evans* v. *Lee*, 12 Nev. 393; *Seitman* v. *Seitman*, 68 N. E. 461; *In re Shaffer's Estate*, 54 Atl. 711; *Stone* v. *Hill*, 43 S. E. 92; *Lorentz* v. *Lorentz*, 14 W. Va. 761; *Henley* v. *Cottrell*, 43 S. E. 191; *Rankin* v. *Maxwell*, 12 Am. Dec. 406; *Robbins* v. *McKnight*, 45 Am. Dec. 406; *Walcott* v. *Watson*, 53 Fed. 429; *Williams* v. *Morris*, 95 U. S. 444; *Minturn* v. *Bayliss*, 33 Cal. 133. In a suit for specific performance of an oral contract for the sale of lands evidence of declarations and admissions made to third parties sought to be charged are not sufficient when unsupported by other evidence to establish the contract. (*Berry* v. *Hartsell*, 3 S. W. 582; *Kinney* v. *Murray*, 71 S. W. 197; *Walcott* v. *Watson*, 53 Fed. 429; *In re Shaffer's Estate*, 54 Atl. 711; *Wolfinger* v. *McFarland*, 54 Atl. 866; *Rodman* v. *Rodman*, 88 N. W. 218.)

VII. Where the description by the witness of land to be conveyed under an oral contract is so indefinite as to afford no intelligible guide to a surveyor in discovering its location, or establishing its lines, specific performance cannot be decreed. A recent decision by the Supreme Court of the State of Iowa presents a case almost on all-fours with the case at bar. (*Kirkpatrick* v. *Pettis*, 103 N. W. 956.)

VIII. The proof establishes beyond reasonable doubt that the possession of the premises by appellant was not referable to the contract specifically pleaded in the complaint. (*Foster* v. *McGinnis*, 26 Pac. 828; *Andrew* v. *Babcock*, 26 Atl. 716; Pomeroy's Specific Performance of Contracts, sec. 107.)

IX. "Possession sufficient to take a verbal grant of the use of lands out of the statute of frauds must be open, notorious, and exclusive, taken under the contract, and referable to it." (*Lake Erie & W. R Co.* v. *Michigan Cent. R. Co.*, 86 Fed. 840; *Lewis* v. *North*, 87 N. W. 312; *People's Pure Ice Co.* v. *Trumbull*, 70 Fed. 166; *Rodman* v. *Rodman*, 88 N. W. 218; *Latimer* v. *Hamill*, 52 Pac. 364; *Kinney* v. *Murray*, 71 N. W. 197; *Gorham* v. *Dodge*, 14 N. E. 144.)

X. When possession of land is not in pursuance of a contract to convey, or if such possession and the improvements made by the party holding it, can be reasonably accounted for in some other way than by such contract between the parties, then such possession and improvements will not ordinarily avail as a part performance. (*Meigs* v. *Morris*, 37 S. W. 303.)

*Cheney & Massey*, for Respondents. [No brief for respondents submitted by compiler for printing.]

*Mack & Farrington*, for Appellant, in reply:

I. Section 2698, Compiled Laws, reserves to the court the power to enforce specific performance in cases of part performance of agreements, and section 2951, Compiled Laws, provides that an action can be maintained against the administrator in case the action could have been maintained in the lifetime of the deceased. Hence, it will be seen that the legislature intended in cases of part performance of a contract that actions for specific performance should be maintained, and particularly so if the action against Barney Clow could have been maintained in his lifetime. Hence, we contend that, under the evidence in this case, the lower court should have followed the law and the facts, and decreed a specific performance.

II. In their brief counsel for defendants state, as a rule of equity, "declarations and admissions of parties to be charged are not sufficient, when unsupported by other evidence to establish the contract." The correct rule, as we understand it, is "in specific performance such case must stand with reference to the particular facts established by

the evidence," and declarations and admissions of parties to be charged, if sufficient to establish the sale of the land, specific performance will be decreed; however, in this case the declarations of Clow are supported by other evidence which shows the declarations made by him to have been the truth.

III.   Notwithstanding the assertion of counsel for defendants to the contrary, the evidence clearly establishes the possession of the land by Brandon under his purchase.   His possession was complete, open, notorious, peaceable.

IV.   Where the purchase money has been paid and possession taken in pursuance of a parol contract, it will be specifically enforced.   (*Tibbs* v. *Barker*, 1 Blackf. 58; *Ramsey* v. *Liston*, 25 Ill. 114; *Stevens* v. *Wheeler*, 25 Ill. 300; *Green* v. *Jones*, 76 Me. 563.)

V.   Equity regards vendee in possession who has paid the price as the real owner, and will compel a full conveyance of the legal title to him, if withheld, on being demanded. (*Astor* v. *L'Amoreux*, 8 N. Y. 107, 4 Sandf. 524.)

VI.   It is a well-known rule that in cases of specific performance the property may be shown and identified by extrinsic evidence.   (*Easton* v. *Thatcher*, 25 Pac. 728; and cases cited by the Supreme Court of Utah; Jones on Evidence, sec. 435.)   It will thus be seen that the lower court erred in refusing plaintiff a decree directing defendants to convey said land, and also erred in refusing plaintiff a new trial.   After the lower court found that plaintiff had purchased the sand and the right to remove it, then to refuse plaintiff a decree directing defendants to convey and give title to the sand and the right to remove it was an error so apparent as to show prejudice on the part of the lower court.

By the Court, TALBOT, J.:

This action was brought against the defendant West as administrator, and the other defendants as heirs, of the estate of B. G. Clow, deceased, to compel the execution of a deed to plaintiff for a triangular piece of land, marked with three iron pins and less than one acre in extent, as described in

the complaint. The uncontradicted testimony of several witnesses introduced by the plaintiff shows that Clow in the year 1901, and a considerable time before his death, sold to plaintiff a sand hill or sand pit which is identical with or embraced in the boundaries of the parcel of land mentioned; that he went upon the premises, marked and pointed out the boundaries to the plaintiff, put him in possession, and accepted a cow in payment. Thereafter plaintiff hauled and sold sand from the pit exclusively, and his right to the same was expressly acknowledged upon different occasions by Clow, who directed to the plaintiff persons applying for sand. No evidence was offered by the defendants. The court was in doubt as to whether the proofs showed a sale of the land, but, at the request of the plaintiff, found that he "purchased the sand situated upon and in the sand hill described in plaintiff's complaint and the exclusive right to take sand therefrom"; that Clow received and retained possession of the cow, and that prior to and long after his death plaintiff was in possession of the property and taking sand. From a judgment in favor of defendants for their costs, and an order overruling a motion for a new trial, this appeal is taken.

The burden being upon the plaintiff to establish clearly an executed sale, and there being a doubt as to whether Clow intended to sell the land in fee, or only the sand, leaving the land for him or his estate when stripped of it, the court properly refused to enforce a conveyance of the freehold to plaintiff, but it having been plainly indicated by the evidence and the court having found that there was an executed sale of the sand by Clow to the plaintiff, the latter was entitled to relief to that extent. In principle, the plaintiff has an interest in the land like the right to remove stone or cut timber or maintain a roadway or other easement, or like a lease or term for life or years, and, although less than freehold, the plaintiff, after being placed in possession and making payment, became entitled upon demand to a conveyance to the extent of his purchase, which could be recorded, and which would give notice of his ownership from Clow, who held that part of the title for him as a trustee, the same as Clow

would have retained the whole title if the sale had been of the freehold.    This legal title having passed to his successors by operation of law, it is incumbent upon them to convey it to plaintiff.    (*Schroeder* v. *Gemeinder*, 10 Nev. 367; *Lake* v. *Lewis*, 16 Nev. 94; *Powell* v. *Campbell*, 20 Nev. 233, 20 Pac. 156, 2 L. R. A. 615, 19 Am. St. Rep. 350; 1 Tiffany, Modern Law of Real Prop. 10; *Thompson* v. *Smith*, 63 N. Y. 303, and cases there cited; *Kerr* v. *Day*, 14 Pa. 112, 53 Am. Dec. 526, and annotation; *Felch* v. *Hooper*, 119 Mass. 52; *Masterson* v. *Pullen*, 62 Ala. 146; *Wehn* v. *Fall*, 55 Neb. 547, 76 N. W. 13, 70 Am. St. Rep. 397; *Swepson* v. *Rouse*, 65 N. C. 34, 6 Am. Rep. 735; *Adams* v. *Harris*, 47 Miss. 144; *Corson* v. *Mulvany*, 49 Pa. 88, 88 Am. Dec. 485; *Morgan* v. *Morgan*, 2 Wheat. (15 U. S.) 302, 4 L. Ed. 242; *Massie* v. *Watts*, 6 Cranch, 148, 3 L. Ed. 181; *Newton* v. *Bronsin*, 67 Am. Dec. 89; *W. U. Tel. Co.* v. *Pittsburg, C., C. & St. L. Ry. Co.* (C. C.) 137 Fed. 435; 5 Pom. Eq. Jur. 3d ed. secs. 12–16, and cases cited, volume 1, Id. 367.)

If the proofs had indicated the sale of sand on land different from that described in the complaint, there would have been a fatal variance; but when they establish that the plaintiff is entitled to an interest in or a part of the estate, quantity, or amount of land, money, or personal property claimed under the allegations and demand in the complaint, he should be given, under such circumstances as exist here, relief to that extent, and not be forced to further litigation. That the plaintiff may recover less than the whole of that which he demands without being relegated to another action is according to usual practice, and any other rule would tend to a multiplicity of suits, and occasion unnecessary delays and hardships.

In *Bogan* v. *Daughdrill*, 51 Ala. 316, the bill averred a contract for the sale of more than four hundred acres, and the decree of the chancellor enforcing it as to eighty acres only was sustained, and it was said that it is a general rule at law and in equity that a plaintiff may recover a part only of what he claims.

In *Drury* v. *Conner*, 6 Har. & J. 288, cited in that opinion, the plaintiff claimed the conveyance of the whole of a piece

of land, but the proofs entitled him to an undivided one-fourth only, which was decreed to him.

In *Vicksburg R. R. Co.* v. *Ragsdale*, 54 Miss. 215: "We know of no rule of equity which denies relief to a party altogether, because he has made a false claim as to part of it. In so far as he has shown title to relief, to that extent he should be redressed."

The sand is a part of the land for which the plaintiff seeks a deed in his complaint the same as ore, marble, or stone before removal is a part of the realty. (*State* v. *Berryman*, 8 Nev. 268; *Kingsley* v. *Holbrook*, 45 N. H. 319, 86 Am. Dec. 173; *Stevenson* v. *Bachrach*, 170 Ill. 256, 48 N. E. 327; *State* v. *Pottmeyer*, 33 Ind. 402, 5 Am. Rep. 224; *Cary* v. *Daniels*, 8 Metc. 480, 41 Am. Dec. 532; *Lux* v. *Haggin*, 69 Cal. 255, 10 Pac. 674; 2 Blackstone Com. 18; *Lime Rock R. R. Co.* v. *Farnsworth*, 86 Me. 130, 29 Atl. 957.)

The defendants were aware that the plaintiff demanded a conveyance of the whole of the land, and they could have avoided costs by tendering a deed for that part of it comprising the sand, and the right of its removal, in the same way that immunity from costs may be secured by an offer to allow judgment for a less sum or estate, or for a smaller quantity of land or personal property than that demanded in the complaint. In *Schroeder* v. *Gemeinder*, Justice Hawley, speaking for this court, said: "We are satisfied that the objection urged, upon the ground that the premises described in the deed were not the same as described in the lease, is not well taken, for the reason that no such objection was made at the time the deed was presented. If that was the only objection, the respondent ought to have so stated at the time of the tender. But, in any view, this objection could only be urged upon a question of costs, and not to defeat appellant's rights. Courts of equity ought to determine the rights of the parties according to the broad principles of justice and fair dealing, and not by the technical and refined distinctions of the law."

The judgment and order are reversed, and the district court is directed to decree the execution on the part of the

defendants of the proper deed conveying to the plaintiff the sand on the premises described in the complaint, and the exclusive right to remove the same, to which he is entitled as shown by the uncontradicted evidence and findings, with his costs, if the proper memorandum thereof is filed within two days after the entry of the decree under the usual practice and section 3581 of the Compiled Laws. Pursuant to the motion of respondents the items of expense in the lower court are striken out of the cost bill filed here, but the reporters' fees of $34, for transcribing notes for the record on appeal, and the cost of typewriting briefs, are allowed to stand under rule VI (p. 6 of this volume) and the decision in the recent case of *Candler* v. *Ditch Co.*, 28 Nev. 422, 82 Pac. 458.

NORCROSS, J.: I concur.

FITZGERALD, C. J., dissenting:

Finding myself unable to concur in the prevailing opinion, I deem it proper to make a brief statement of my view of the case as it appears from the transcript filed in this court. This is a suit for specific performance of an alleged contract to convey land. The contract was in the complaint of plaintiff alleged to have been made by plaintiff with one B. G. Clow in the lifetime of said Clow; and the suit is against N. H. West, as administrator of the estate of said Clow, and also against others named in said complaint as claiming under said Clow. The case was tried without a jury, and the trial court gave judgment against plaintiff. The plaintiff appeals from said judgment, and also from the order of the court denying his motion for a new trial.

The question before us on this appeal is: Does the evidence sustain the judgment and order? I think it does. The plaintiff sued for land, specifically describing it, alleging a contract with defendants' intestate to convey the same; but his evidence—the defendants not having put in any other than to cross-examine plaintiff's witnesses—shows that he had no contract to convey land, but merely the sand on the premises described. I deem it unnecessary to quote or

minutely state the evidence here. It is deemed sufficient that the general statement be here made that no one of plaintiff's witnesses gives evidence of a buying or selling of land, or a contract for buying or selling land. All the evidence is as to buying and selling the "sand pit" or the "sand hill" on certain premises described in said evidence; or contracting to sell such sand pit or sand hill. Under such state of facts this court would not be justified in disturbing the finding of fact made by the trial court that there was no contract for buying, selling, or conveying land; and without such contract there was nothing of which the court could decree specific performance. The court, however, did find, as a fact, that there was a contract between plaintiff and defendants' intestate to sell to plaintiff the sand on a certain piece of land described in plaintiff's complaint; and on this finding, appellant claims that it was error in the court not to give plaintiff judgment for this sand and for plaintiff's cost of suit. Under the pleadings and evidence in the case I think the court could not have properly so adjudged.

There was no allegation in the complaint of a denial on the part of defendants, or any one of them, of this right of plaintiff to the sand; or any allegation of refusal by the defendants, or any one of them, to permit plaintiff to take the sand in accordance with the contract as stated in said finding. It is true the court made a finding of such contract; but it made no finding of any breach of said contract. So far as anything that appears in said finding is concerned the defendants may have always permitted plaintiff to take the sand in accordance with the contract found to have been made with plaintiff by defendants' intestate. Under such circumstances the court could not have adjudged against the defendants for either the sand or the costs of the suit, because plaintiff had failed to prove defendants to have been in default. Should defendants hereafter refuse to permit plaintiff to take the sand in accordance with the contract, as stated in the said finding, it may be that plaintiff would have his action to enforce said contract; for then it may be that he could allege, not only a contract to take the sand, but

also breach thereof by defendants. But as the case now stands here there is no breach of such contract, either alleged in the complaint or proved by the evidence.

Therefore, finding no error in reference to either the judgment or the order appealed from, I think said judgment and the said order should be affirmed.