STAR BREWERY OF CHICAGO et al. v. UNITED BREWERIES CO.

(Circuit Court of Appeals, Seventh Circuit. October 9, 1902.)

No. 889.

1. TRADE—ILLEGAL COMBINATIONS—EXECUTED CONTRACT—RIGHTS OF AGENT.
    Where a brewery was conveyed to plaintiff under a contract contemplating the consolidation of several brewery plants, and the formation of plaintiff corporation to own and operate the same, and, after the conveyance, defendants, who had previously been the officers of the brewery conveyed, were employed by plaintiff as its agents to operate the plant, which they did for some time after the conveyance, defendants, on being discharged as managers, were estopped to assert title to the plant adverse to plaintiff, on the theory that the conveyance was in furtherance of an illegal combination in restraint of trade.

2. SAME—RIGHTS OF CORPORATION.
    Where the property of a brewing company was transferred to plaintiff under an agreement for the consolidation of various brewing plants in a city, and its officers were employed by plaintiff to manage and operate the property, and after being discharged as managers took possession of the plant, and barricaded and locked the same to prevent plaintiff from continuing possession, the corporation previously owning the plant could not avail itself of such wrongful acts of its officers, and assert, in an action of ejectment, that the conveyance was void as in restraint of trade.

3. CONTRACTS—CONSTRUCTION.
    A contract for the sale of a brewery to a consolidated corporation provided that the amount of incumbrances on the property which the seller was unable to remove should be deducted from the purchase price, and that the property should be conveyed free and clear from all liens and claims whatever, and, if at the time of conveyance the real estate should be incumbered, the amount of the cash payment should be reduced by the amount of the incumbrance, and that the business should be conducted by the officers of the vendor on salaries as agents for the vendee until payments provided by the contract were made. A deed to the property conveyed the same subject to two incumbrances. *Held*, that the payments contemplated in the agreement had reference to the purchase money to be paid to the seller only, and therefore the officers of the vendor were not entitled to possession of the property until the vendee had paid incumbrances specified in the deed, the amount of which had been deducted from the price.

---

¶ 1. Validity of monopolistic contracts, as affected by public policy, see note to Cravens v. Carter-Crume Co., 34 C. C. A. 486.

See Principal and Agent, vol. 40, Cent. Dig. § 160.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

The action is in ejectment by the United Breweries Company, a corporation created under the laws of the state of New Jersey, against the plaintiffs in error, to recover certain described real estate. Under a plea of the general issue, the cause was tried to a jury. The plaintiff below introduced in evidence a full-covenant warranty deed to the property in question, dated August 9, 1898, executed by the Star Brewery of Chicago, one of the plaintiffs in error, by Patrick H. Rice, its president, and Thomas J. Rice, its secretary, two of the individual plaintiffs in error, to the United Breweries Company, the defendant in error, conveying the property stated in the declaration. This deed was subject to two trust deeds—one to Henry Rieke, dated March 7, 1890, upon a portion of the property, and one to Francis B. Peabody, dated November 27, 1893, upon another part of the property. This deed was executed in pursuance of an agreement, dated December 2, 1897, between Patrick H. Rice and one Durand, of New York, by which Rice agreed to cause to be conveyed the property of the Star Brewery of Chicago, including the lands in question, to Durand or his nominee, and to acquire the ownership of the real property and principal assets of 17 other brewing or malting companies in the city of Chicago, and to convey such property to a corporation to be created with a capital of $9,000,000, which corporation so to be created should execute a trust deed of all the property to be conveyed to it to secure the payment of $3,750,000 of bonds; the amount of incumbrances upon the property, and which Rice might be unable to remove, to be deducted from the purchase price of the property; the amount of such incumbrances so deducted to be deposited with the trust company acting as trustee under the deed, to be used in payment and discharge of the incumbrances upon the property. The purchaser agreed to pay, upon the performance of the conditions of the agreement, $150,000 in cash, and $500,000 in the stock of the company to be organized. Upon delivery of the deed the United Breweries Company went into possession of the property, and employed P. H. Rice, the former president of the Star Brewery Company, as manager, and Thomas J. Rice as assistant manager, to operate the plant. The business was conducted under the direction of Mr. Baumgartl, the president of the United Breweries Company. Patrick H. Rice received a salary of $4,800 a year, rendering to the United Breweries Company daily reports of the business of the branch. Thomas J. Rice, the assistant manager, received a salary of $2,400 a year. He left the employment of the United Breweries Company in October, 1899, and entered into another business. Patrick H. Rice continued as manager of the Star Brewery for the United Breweries Company until July 31, 1900, when he was discharged from his employment by the United Breweries Company. Upon his dismissal, Patrick H. Rice barricaded the brewery, locked the doors and windows, and placed a guard on the outside to prevent the United Breweries Company from continuing in possession of the plant; claiming right so to do for and in the interest of the stockholders of the Star Brewery Company, the former owner of the property.

The rulings assigned for error may be thus classified: (1) With respect to the exclusion of evidence tending to prove that the United Breweries Company was an illegal combination in restraint of trade, and that the deed in question was given in furtherance thereof; (2) with respect to evidence claimed to give the Star Brewery the right to remain in possession until the payment of all liens upon the property.

Under the direction of the court, the jury found the issues for the plaintiff below—that the defendants unlawfully withheld possession of the premises, and that the plaintiff's estate in the premises had been established on the trial to be in fee simple—upon which verdict judgment was rendered for a recovery of possession of the property, to review which judgment this writ of error is sued out.

Before JENKINS and BAKER, Circuit Judges, and BUNN, District Judge.

Patrick C. Haley, for plaintiffs in error.
Levy Mayer, for defendant in error.

JENKINS, Circuit Judge (after stating the facts as above). We do not need to consider the questions whether the United Breweries Company was bound by the agreement entered into by its promoters previous to its organization; whether that agreement was merged in the deed to the Breweries Company; whether the evidence exhibited the existence of an illegal combination—for the reason that we are satisfied that the transaction was closed, and the property was in fact turned over to the breweries company, which went into possession, and the contract supposed to be illegal must be deemed to have been executed. We cannot distinguish this case from that of Gilbert, Sheriff, v. American Surety Company of New York (herewith decided) 121 Fed. 499. The two Rices—one the former president and the other the former secretary of the Star Brewery Company—operated the brewery as the agents of the Breweries Company and at the expense of the breweries company, receiving salaries from it and making daily reports of the business. Their possession was the possession of the breweries company. Denial of the right of that company to its rightful possession, and the forcible exclusion from its possession, were wrongful and without justification; and, as we have pointed out in the case referred to, one may not, under such a condition of things, allege illegality in the agreement which led up to the conveyance to defeat possession by the vendee of the property conveyed. The Rices acted as agents of the Breweries Company, and are estopped to assert title adverse to their principal. Nor can the Star Brewery Company of Chicago avail itself of the wrongful act of Rice.

It is urged that the agreement between Patrick H. Rice and Durand tended to prove that possession was not to be delivered until satisfaction of all liens upon the property. It is sufficient to say that the question is not material, in view of the fact that possession was delivered and the business was operated by the United Breweries Company through its agents. The contract in question was executed December 2, 1897. The deed bears date the 9th day of August, 1898, and conveys the property absolutely, with covenant of title and covenant for quiet and peaceable possession. It may well be said that the agreement was merged in the deed. But aside from that, we are of opinion that the agreement is not susceptible of the construction contended for. It provided that the conveyance of the property should be free and clear of all liens and claims whatsoever; that, if at the time of the receipt of the purchase price the real estate should be incumbered, the amount of the cash payment should be reduced by the amount of such incumbrance. It provided that the vendor should cause all debts of the Star Brewery Company to be paid within 90 days from the receipt of the purchase price, except the debts and liabilities which may have been deducted from the purchase price, or which may have been assumed by the purchaser. It provides that the purchaser should pay at the time of the conveyance and transfer of the property, and as the purchase price of the property, the

sum of $150,000 in cash, and the further sum of $500,000 in shares of the company to be organized. The provision of the agreement upon which the contention is founded is this:

"The business of said company [meaning the Star Brewery Company] shall be conducted by its officers in the manner and upon the same salaries as heretofore until the payments herein provided for are made."

The deed conveyed the property subject to two incumbrances, one of which still remains unpaid to the extent of $40,000, the time of payment of the principal of which has been extended, and the interest promptly paid, and its payment further secured by pledge of the bonds of the United Breweries Company, greater in amount and value than the amount of this incumbrance. It is clear to us that the payments contemplated by the agreement had reference to the purchase money to be paid to the seller. This is made manifest by the provision that, if the property should remain incumbered at the time of the conveyance, the owner would accept in lieu of the cash payment provided for the amount less the amount of any incumbrance. That agreement was carried out. The amount of the incumbrance was deducted, the balance was accepted, and the property conveyed subject to the incumbrance, and possession delivered. It is clear that the clause in question did not refer to incumbrances upon the property, but merely to the cash payment to be made to the seller.

The judgment is affirmed.