WESTERN UNION TEL. CO. v. PITTSBURG, C., C. & ST. L. RY. CO.

(Circuit Court, N. D. Illinois.  April 20, 1905.)

No. 26,601.

1. TELEGRAPHS — LINE CONTRACTS — ENFORCEMENT — ADEQUATE REMEDY AT LAW.

A bill by a telegraph company to have certain right of way contracts with certain railroads declared to be in force, and for specific performance, was not demurrable on the ground that complainants had an adequate remedy at law.

2. SAME—EQUITY—FEDERAL COURTS—JURISDICTION—PARTIES.

On a bill against a consolidated railroad corporation to obtain specific performance of right of way contracts between complainant telegraph company and defendant's constituent companies, the mere fact that the federal court in which the suit was brought could not enforce its orders in another district, except by contempt or other personal proceedings, was not conclusive in determining what parties were before the court.

3. SAME.

In a suit in equity in the federal courts for specific performance of telegraph right of way contracts with certain consolidated railroad companies, the necessary parties being subject to the court's jurisdiction, it was immaterial that a portion of the property affected was beyond the court's territorial jurisdiction.

4. SAME—CONTRACTS—CONSOLIDATION.

Where an operating contract consolidating various right of way contracts between complainant telegraph company and certain railroads did not attempt to annihilate or merge the various underlying agreements, further than to provide for a practical operating agreement for a period of 25 years, and thereafter until terminated by one year's notice by either party, and such notice was duly given, the termination of such contract did not deprive complainant of its rights under the underlying agreement and certain condemnation proceedings, though no relief could be granted under such operating agreement.

5. SAME—VALIDITY OF CONTRACT—ILLEGAL PROVISIONS—DEFENSES.

In a suit by a telegraph company to obtain specific performance of right of way contracts with certain railroads, defendant was not entitled to object that the contracts were unenforceable because they contained certain provisions in violation of Act Cong. Aug. 7, 1888, c. 772, 25 Stat. 382 [U. S. Comp. St. 1901, p. 3582], conferring certain rights in subsidized railroad and telegraph lines on the United States, and prohibiting interference therewith, etc.

J. F. Dillon, Rush Taggart, Henry D. Estabrook, and Percy B. Eckhart, for complainant.

Loesch Bros. & Howell, for defendant.

KOHLSAAT, Circuit Judge.  Complainant is a New York corporation.  Defendant is a corporation of the states of Pennsylvania,

Ohio, Indiana, and Illinois. Its constituent roads are the Pittsburg, Cincinnati & St. Louis Railway Company, the Indiana Central Railroad Company, the Cincinnati & Chicago Air Line Railroad Company, the Chicago & Great Eastern Railroad Company, the Toledo, Logansport & Burlington Railroad Company, and the Union Junction & Logansport Railroad Company. The bill asks (1) that complainant be decreed to be the owner of, and entitled to maintain and operate, certain telegraph lines therein set out; (2) that certain agreements and rights therein set out between complainant and said several underlying companies be declared to be still in force, and that defendant be required to perform them; (3) that if complainant is not entitled to construct, maintain, and operate on the right of way of defendant without compensation, the court shall ascertain and decree the amount of compensation to be paid under the terms of the act of Congress approved July 24, 1866, c. 230, 14 Stat. 221, and the further act approved June 10, 1872, 17 Stat. 308, c. 335, § 201, and under the Constitution and laws of said four states, and that, if it is held that such compensation should be fixed by legal proceeding, upon such proceeding being had the court will decree a perpetual injunction restraining defendant from interfering with the location, maintenance, and operation of such lines on said right of way; (4) that the court will perpetually enjoin defendant from violating any of the provisions of said contracts, condemnations, and consents which the court shall require defendant to perform specifically, and from interference in location, construction, or operation of same as provided in the arrangements with the underlying companies; (5) that a temporary injunction be granted, etc. The cause comes now before the court on demurrer. The grounds alleged are want of equity and jurisdiction, and that complainant has a plain, adequate, and complete remedy at law.

The various facts set out are too voluminous to be here repeated. It appears that both of the parties hereto have been created by the acts consolidating various short lines or systems. In adjusting the terms upon which the railroad and telegraph lines were placed in cooperation, various agreements and condemnation proceedings were resorted to. These are shown as exhibits to the bill. Some of them name no time within which they shall be terminated, some require mutual consent, while some name definite periods, which in several cases have expired.

Considering the grounds of demurrer out of their order, I see no basis for the contention that complainant has a full and adequate remedy at law, and do not deem the point seriously urged.

It is insisted by defendant that the court is without jurisdiction to enter or enforce any order against the defendant, except as to that part or portion thereof situated within this district. That an existing consolidated railway corporation is a separate corporation in each state, although it has one capital stock, board of directors, and name, is now an established principle of law. Cook on Corporations, vol. 3, 910; Nashua & Lowell R. Co. v. B. & L. R. Co., 136 U. S. 356, 10 Sup. Ct. 1004, 34 L. Ed. 363; Ohio & Miss. Ry. Co. v.

Wheeler, 1 Black, 286, 17 L. Ed. 130; In re Bank of Augusta, 13 Pet. 519, 10 L. Ed. 274; C. & N. W. Ry. Co. v. Whitton, 13 Wall. 270, 20 L. Ed. 571; Fitzgerald v. Missouri Pac. Ry. Co. (C. C.) 45 Fed. 812; St. Louis, etc., Ry. Co. v. James, 161 U. S. 561, 16 Sup. Ct. 621, 40 L. Ed. 802. This, however, is held by the courts mainly for the purpose of jurisdiction. If the defendant in this case is, for the purposes of jurisdiction, a citizen of this district, manifestly it is the consolidated company that is now before the court, not merely that part thereof which is located in Illinois. The mere fact that this court cannot enforce its orders in another jurisdiction except by contempt or other personal proceedings would not be conclusive in determining what parties are before the court. In Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, it is held that a state court may compel persons over whose persons it has jurisdiction to execute instruments in pursuance of contracts respecting property outside the court's jurisdiction, "in such form and with such solemnities as to transfer the title." In Phelps v. McDonald, 99 U. S. 298, 25 L. Ed. 473, the court holds that:

"Where the necessary parties are before a court of equity, it is immaterial that the res of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the lex loci rei sitæ, which he could do voluntarily, to give full effect to the decree against him. Without regard to the situation of the subject-matter, such courts consider the equities between the parties, and decree in personam according to those equities, and enforce obedience to their decrees by process in personam."

This was held in Penn v. Lord Baltimore, 1 Ves. 444, and approved in Massie v. Watts, 6 Cranch, 148, 3 L. Ed. 181. For these reasons, I do not deem the objection to the jurisdiction of the court well taken. See Morawetz on Corporations, § 996; Bead on Private Corporations, § 764.

Complainant—so defendant claims—is endeavoring by the bill to obtain specific performance of the contract made by complainant and defendant's assignor, the Pittsburg, Cincinnati & St. Louis Railway Company, dated September 1, 1869. This contract seems to have been entered into for the purpose of simplifying the rights of the parties growing out of the several contracts and condemnations then existing between the defendant and its various predecessors and the complainant and its predecessors. These rights covered the several lines of railroad and telegraph now brought into alignment and correlation by the parties hereto, respectively. To deal with them as separate corporations, and meet all the requirements of the many different contract conditions, would have been oppressive. So the contract of September, 1869, was made. It does not attempt to annihilate the various underlying agreements, further than to provide for a practical operating agreement for a term of 25 years, and thereafter until terminated by one year's notice of its expiration, given by either one of the parties thereto. Such notice was given. From all that appears in the record, this contract was duly terminated, and the court would be powerless to grant complainant any such relief thereon as prayed. The rights,

however, of complainant under the contracts and condemnation proceedings brought into system by said contract, still exist, as though said operating contract had not been entered into. These contracts and condemnations—21 in number—are set out as exhibits to the bill, and are very voluminous. I do not deem it necessary at this time to analyze them, being satisfied that, as to some of them, complainant is entitled to go to a hearing.

There remains to be considered defendant's claim that this suit should be dismissed for the reason that the contracts sought to be enforced by complainant contain illegal provisions, which will prevent the specific performance of the same in equity. Citing the case of U. S. v. Union Pacific Ry. Co., 160 U. S. 1, 16 Sup. Ct. 190, 40 L. Ed. 319. That was a case instituted by the government under the act of Congress of August 7, 1888, c. 772, 25 Stat. 382 [U. S. Comp. St. 1901, p. 3582], and was brought in the manner provided by the act which made it the duty of the Attorney General of the United States, by proper proceedings, to prevent any unlawful interference with the rights and equities of the United States under that and previous acts. This suit is not brought by the government, and the defendant cannot assert such a right for the government. Moreover, some of the contracts in question antedate the said act. It appears, also, that other considerations passed, and the defendant cannot in this manner avail itself of that provision of the statutes under the facts of this case. Harrison v. Glucose Sugar. Refining Co., 116 Fed. 304, 53 C. C. A. 484, 58 L. R. A. 915; Star Brewery et al. v. United Breweries, 121 Fed. 713, 58 C. C. A. 133; Western Union Telegraph Co. v. B. & S. W. Ry. Co. (C. C.) 11 Fed. 4; Gilbert v. Am. Surety Co., 121 Fed. 499, 57 C. C. A. 619, 61 L. R. A. 253; Western Union Tel. Co. v. Penn. Co., 129 Fed. 849, 64 C. C. A. 285.

The rights of the parties under the act of Congress of July 24, 1866, have been disposed of by the decision of the Supreme Court in the case of Western Union Tel. Co. v. Penn. Co., 195 U. S. 540, 25 Sup. Ct. 133, 49 L. Ed. 312. The right of complainant to take by condemnation is also disposed of by the Supreme Court in that case, and the case of same complainant against defendant herein. 195 U. S. 594, 25 Sup. Ct. 150, 49 L. Ed. 332. The parts of the bill covering matter within the scope of these decisions of the Supreme Court, supra, are thus now eliminated.

It appears from the bill that certain of the contracts relied on have expired by their several terms. The bill contains no allegations of any extension thereof. As to these the demurrer must be sustained. As to those matters which pertain to contracts which have not expired by their terms, and those matters which pertain to contracts which are unlimited in time, and to those matters which pertain to contracts requiring mutual consent, and to such rights as have been acquired by condemnation, and all other claims of said bill, the demurrer is overruled.