MINNIE C. COLLINS and her husband W. E. COLLINS, *Appellants*, v. W. C. BRIGGS, INC., a Florida Corporation, *Appellee.*

Division A.

Opinion filed September 17, 1929.

R. B. *Gautier,* for Appellants;

*Marshburn, Mendenhall & McDonald,* for Appellee.

ELLIS, J.—This is an appeal from an order overruling a demurrer to a bill to foreclose a mortgage lien upon a certain lot in Miami.

In May, 1924, Minnie Collins and her husband W. E. Collins executed the mortgage to secure the payment of a debt of $4,500. due by them to the Leslie Bond & Mortgage Company as trustee. The debt was evidenced by twelve promissory notes each bearing date May 15, 1924, with interest from date at 8 per centum per annum. The mortgage was duly recorded.

In January, 1925, the Leslie Bond and Mortgage Company assigned the notes and mortgage to Avery C. Smith and in July, 1927, Smith and his wife assigned the notes and mortgage to the complainant W. C. Briggs, Inc., a Florida corporation, which in August of that year exhibited its bill in the Circuit Court for Dade County against Minnie Collins and her husband W. E. Collins and May Cotton and her husband Ernest Cotton to foreclose the mortgage lien.

Mrs. Cotton and her husband were made parties defendant because as it was alleged in the bill Collins and wife agreed in September, 1925, to convey the mortgaged premises to Mrs. Cotton and her husband. Summons was served upon Mr. Collins and other defendants and the Collins' demurred to the bill. The demurrer was overruled and they appealed. The demurrer does not attack the bill generally for lack of equity but does attack it specifically in nine points, none of which are argued. In such case the order appealed from should be affirmed.

The rule applicable alike to pleadings at law or in equity is that when an assignment of error is based upon an order overruling a demurrer to a declaration the plaintiff in error is confined to grounds stated in the demurrer and argued on appeal, unless the declaration wholly fails to state a cause of action. See DeFuniak Springs v. Perdue, 69 Fla. 326, 68 So. R. 234; Groover v. Hammond, 73 Fla.

1155, 75 So. R. 857; West Palm Beach v. Ryder, 73 Fla. 558, 74 So. R. 603.

While the demurrer attacked the whole bill by pointing out certain defects claimed to exist, it nevertheless operated as an admission that all the allegations which were well pleaded were true. The allegations of the bill of complaint may not be said to constitute a model of good pleading yet under the allegations sufficiently made and admitted a case entitling the complainant to the relief prayed may be made by appropriate and sufficient evidence.

It is alleged that the Leslie Bond & Mortgage Company assigned the mortgage and notes to Avery C. Smith. The mortgage was made to the Leslie Company as trustee but neither the bill nor the mortgage definitely names the *cestuis que trustent.* From the general tenor of the mortgage it appears that the corporation was merely selected by the mortgagors as one in whose name the security should repose while the notes might be held by different persons. The Company was authorized to sell the notes without further consent from the mortgagor. When the notes were all assigned to Smith the security followed even without an assignment of it in writing. The nominal trustee became no longer even a naked trustee. All the covenants designed for the security of the debt inured to the benefit of the holders of it.

We think that there is no merit in the assignment of error, so the order is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.