Plaintiffs in error, "executors of the will and estate of S. L. A. Clonts," as plaintiffs below, on March 16, 1928, *Page 1450 
brought action in the Circuit Court of Polk County, against defendants in error on a promissory note executed June 12, 1925, by defendants jointly in favor of S. L. A. Clonts.
It does not appear that a demurrer was filed to the declaration, but that defendants in due course filed their plea and in substance alleged that before the institution of said action plaintiffs agreed unconditionally by parol agreement to accept in settlement of said note sued upon, and other notes, a reconveyance of two certain lots covered by a mortgage given as security for the payment of the said notes and that after defendants had complied with said agreement plaintiffs changed their minds and refused to carry out the same.
A demurrer filed by plaintiffs to said plea was overruled, and the cause went to trial upon a joinder of issue on the pleas. At the conclusion of the taking of testimony, a motion for a directed verdict in favor of defendants was allowed, whereupon plaintiffs moved for an order of non-suit which was granted. The facts, points and decisions therein were reserved by bill of exceptions for final decision upon writ of error, which was later taken to a final judgment upon the non-suit.
The declaration alleges that "Hattie Powell Clonts and Forrest William Clonts, executors of the will and estate of S. L. A. Clonts, deceased, * * * sues the defendants." etc.
In the case of Branch v. Branch, 6 Fla. 314, it was held that:
 "In a suit by an executor or administrator, in his representative character, he must describe himself and make his claim as administrator or executor only; describing himself executor or administrator is mere descriptio personae." See also Adams v. Higgins, *Page 1451 23 Fla. 13, 1 So. R. 321; Thomas v. Martin, (Fla.) 129 So. R. 602; State v. Grey, 92 Fla. 1123, 111 So. R. 242.
To sue in a representative capacity executors or administrators must describe themselves and make their claimsas executors or administrators of such estates. Inasmuch as this was not done in the instant case, the suit must be construed as being brought as individuals and not as executors.
The declaration and copy of note thereto attached do not show that defendants were liable to plaintiffs as individuals, but as executors, if at all. Therefore the declaration was fatally defective.
The entry of judgment upon non-suit is affirmed.