John F. McCullough and Mary McCullough, his wife, *Appellants,* vs. N. P. W. Hill, unmarried, *Appellee.*
133 So. 846.
145 So. 259.
En Banc.
Opinion filed April 23, 1931.
On Rehearing decision filed January 9, 1933.

*M. S. McGregor* and *Scarlett & Futch,* for Appellants; *Stewart & Stewart,* for Appellee.

Buford, C.J.—The appeal in this case is from an order and decree dismissing a bill of complaint filed to foreclose a mortgage. The defense was that the contract constituting the basis of the suit was usurious and unenforceable under the provisions of section 4855 R. G. S., 6942 C. G. L.

It appears from the record that the note and mortgage were executed on July 22nd, 1927; that the note was for the sum of $6,000.00, payable one year after date, with

interest at 8% payable quarterly after date. That no money was paid over to the mortgagor at the time but that such money as was paid over to the mortgagor by the mortgagee appers to have been paid over some time in October 1927, and was at the outside not more than $4800.00.

The note was endorsed and the mortgage assigned to John F. McCullough and Mary McCullough, his wife, on October 5th, 1927.

The bill of complaint was filed on the 23rd day of November, 1927, it being alleged that the complainants exercised their option to accelerate the maturity and to foreclose the mortgage because the quarterly interest had not been paid November 22nd.

Two attempts were made to take depositions of one of the complainants and the depositions were suppressed for good and sufficient legal reasons. Thereafter, time was extended in which to take testimony and an attempt was made to take the testimony of the witness John F. McCullough. The testimony of McCullough was taken before a Special Master after the expiration of the time allowed in the order enlarging the time for taking testimony; and upon timely motion being made, this testimony was also suppressed. The order of court suppressing such testimony was without error.

The rule is well established in this State, that:

"If a borrower promises to pay, or is in anywise obligated to pay a bonus or any part thereof for a loan, which bonus is paid or promised to be paid by a third party as any consideration for the loan, and the amount so paid or promised to be paid for which the borrower is in anywise liable, is in itself, or in addition to any interest paid or promised to be paid, more than the rate of interest which the statutes of Florida allow to be charged, collected or received, the transaction is usurious.

and also that:

> "When a defendant sets up usury as a defense, the burden of proof is on him to establish it; but when the usury is proven the burden of proving that the holder of usurious paper purchased it before maturity without notice of the usury, is upon the party relying on such purchase."

See Tucker vs. Fouts, 73 Fla. 1215, 76 Sou. 130.

The complainants in the court below, appellants here, failed to meet the burden of proof required in such cases. We find no reversible error disclosed by the record and, therefore, the decree appealed from should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.

BROWN, J., dissenting.—It seems to me that sections 6815, 6816 and 6818 have operated to change the rule as to burden of proof laid down in the cited case of Tucker vs. Fouts.

---

### ON REHEARING.

PER CURIAM.—This cause having been further considered by the Court upon the petition for rehearing filed herein and upon briefs and argument of counsel for the respective parties and the Court being now advised in the premises, it is ordered and decreed by the Court that the judgment of affirmance of the decree of the Circuit Court entered by the Court herein on the 23rd day of April A. D. 1931, be and the same is hereby reaffirmed.

BUFORD, C.J., AND WHITFIELD AND DAVIS, J.J., concur.

TERRELL AND BROWN, J.J., dissent.