W. R. CARTER, GUARDIAN, APPELLANT, v. A. L. CARRELL: ALEX MUIRHEAD, APPELLEE.

FILED MARCH 16, 1933. No. 28424.

*R. O. Canaday* and *F. E. Williams,* for appellant.

*Mitchell & Gantz, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Goss, C. J.

Plaintiffs sued A. L. Carrell and Alex Muirhead as individuals. The petition set up an unpaid note for $1,000, dated December 14, 1927, due September 1, 1928, made by A. L. Carrell in favor of "Alex Muirhead, Adminst. of Hoppock Estate or order," and alleged that for value before due the said Muirhead indorsed the note on the back thereof to the plaintiffs, as follows: "Pay to Charles D. Hoppock, Eugene Hoppock, Roy Hoppock, William Hoppock, Robert Hoppock, Marjorie Hoppock, Minors, and W. R. Carter, their Guardian. (Signed) Alex Muirhead, Administrator." The petition duly prayed for judgment against each defendant.

Defendant Carrell defaulted. Judgment was rendered against him and he did not appeal. Alex Muirhead answered, admitting the execution and indorsement of the note to plaintiffs, but denying that for value received he indorsed the note. He further pleaded that on May 19, 1924, he was appointed as administrator of the estate of Mattie Hoppock and that he qualified and continued to act as such until July 28, 1928. He set forth the facts, showing that the note in suit was executed by A. L. Carrell for the benefit of the estate and as evidence of a debt due said estate for rental of lands belonging to the estate;

that on June 4, 1928, he filed his final report, and on June 28, 1928, the county court entered a decree of distribution, allowing the account and finding that said note was all the personal property in the possession of said administrator, that it belonged to said minors, who were the sole heirs of Mattie Hoppock, and assigning said note to said minors, share and share alike; that pursuant to said decree, in his capacity as administrator, he indorsed the note to the minors and to their guardian, W. R. Carter, and that the guardian accepted and received the note from defendant as administrator; that the receipt therefor in writing, signed by said guardian, in the name of said minors by himself as such guardian, is attached to the answer and made a part thereof; that the guardian and said minors well knew this defendant did not own the note, had no personal interest therein, and indorsed it solely in his capacity as such administrator; that by reason of the facts alleged the plaintiffs are estopped; that the defendant accounted for all property that came into his hands as administrator, that he was duly discharged as such and that he and his bondsmen were released by the county court from all liability on his bond.

To this answer the plaintiffs demurred on the ground that it did not state facts sufficient to constitute a defense. The demurrer was overruled. Plaintiffs elected to stand on the demurrer and the action was dismissed. Plaintiffs appealed. The only question is whether the indorsement of the note bound the defendant Alex Muirhead personally.

A general demurrer to a petition admits the truth of all facts well pleaded therein.

Under the Constitution, the county court has original jurisdiction in all matters of probate and settlement of estates of deceased persons. Const. art. V, sec. 16. "The county court has exclusive original jurisdiction in matters of probate and in the settlement and distribution of the estates of deceased persons." *State v. O'Connor,* 102 Neb. 187. See *Boales v. Ferguson,* 55 Neb. 565. In the latter

case it was held: "The county court possesses exclusive original jurisdiction in probate matters, and questions relating to the settlement of estates must be adjudicated there in the first instance."

The petition declared on a note made in form in favor of defendant as administrator and indorsed by him in form as administrator. The answer pleaded that the defendant, as administrator, took the note in the course of his administratorship as evidence of a debt due the estate; the county court found that the note belonged to the minors and decreed that it be assigned to them; by reason of said decree defendant indorsed and delivered the note to the minors and to their guardian and they accepted it and receipted in writing in full of the distributive shares due the minors in said estate, both the guardian and the minors knowing that defendant did not own the note, had no interest in it, and indorsed the note to them only in his capacity as administrator. These are facts, not conclusions, and the demurrer admitted them. If plaintiffs were dissatisfied with the decree it was their duty to attack it directly. Having admitted the facts well pleaded by defendant, they are bound by them. We are of the opinion that the facts admitted show that defendant indorsed the note in his official capacity, as administrator, rather than personally, and that no personal liability was created thereby. This conclusion is compelled by the legally admitted facts. It answers in the negative the plea that the title following defendant's name in the indorsement was merely a description of his person. And it renders unnecessary any consideration and analysis of the cases involving decision of the very interesting question, when the meaning of the words has not been agreed upon, whether the words connected with an indorser's name are merely *descriptio personæ.*

For the reasons stated, the judgment of the district court is

AFFIRMED.