HAROLD M. WARREN, *et ux.,* and MARK C. MEACHER, v. SEMINOLE BOND & MORTGAGE COMPANY, and C. A. AVANT, as Trustees and EDGAR J. WARREN.

172 So. 696.

Opinion Filed February 13, 1937.

James J. Marshall, for Appellants;
*Snedigar & Baya, Thos. H. Anderson,* for Appellees.

Buford, J.—This case is before us on appeal from final decree entered after the case had been reversed by this Court. See Warren, *et al.*, v. Seminole Bond & Mortgage Co., *et al.*, 112 Fla. 363, 151 Sou. 291.

The mandate, pursuant to the opinion and judgment in that case, contained the following:

"You Are Hereby Commanded, That such further proceedings be had in said cause as according to right, justice, the judgment of said Supreme Court, and the laws of the State of Florida, ought to be had, the said decree of the Circuit Court notwithstanding."

After the mandate went down the court allowed amendment of pleadings and took further testimony. One of the amendments allowed was the intervention of Dorothy Morgan, joined by her husband, Walter L. Morgan, Walter L. Morgan being only a nominal party.

The record now shows that the instrument being foreclosed was in the nature of a trust deed; that Seminole Bond & Mortgage Co. was the trustee authorized to foreclose the lien created by the trust deed but that it had assigned for value, and before maturity, the notes, the payment of which were secured by the trust deed to Dorothy Morgan. It is well settled that the security follows the note and, therefore, Dorothy Morgan, being the owner of the note, is entitled to the benefits of the security.

One of the cases upon authority of which the decree in this case on the former appeal was reversed was McCullough, *et ux,* v. Hill, 105 Fla. 680, 133 Sou. 846, on rehearing, 145 Sou. 259. In that case we held:

"When a defendant sets up usury as a defense, the burden of proof is on him to establish it; but when the usury is proven the burden of proving that the holder of usurious

paper purchased it before maturity without notice of the usury, is upon the party relying on such purchase."

Under the mandate issued in this case hereinbefore referred to the Circuit Court had the power to allow the amendments to the pleadings which are complained of now. When the pleadings were so amended the result to be had depended upon the probative force to be given to the testimony introduced under the issues as then presented. Testimony was taken under the issues as presented and in the record thereof we find ample testimony to support the findings of the Chancellor.

There is a motion pending to strike portions of the transcript. That motion is denied.

Other motions to dismiss the appeal heretofore have been disposed of.

The decree should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, and DAVIS, J. J., concur.