JACOB SLOSBURG, JR., APPELLEE, V. CHESTER E. HUNTER, APPELLANT.

272 N. W. 571

FILED APRIL 8, 1937. No. 29909.

*Carl F. Benjamin,* for appellant.

*Eugene N. Blazer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and MESSMORE, District Judge.

GOSS, C. J.

Defendant appeals because the district court denied his application for a moratory stay of execution in a suit at law on a note given by him and secured by his mortgage on real estate.

Suit on the note for $3,000, dated March 25, 1932, made by defendant in favor of plaintiff, was commenced January 26, 1935. It resulted in a judgment for plaintiff February 13, 1936, for $3,426.40, with interest at 6 per cent. from

that date and costs. On the same day defendant filed his motion for a moratory stay. The motion disclosed for the first time in the record that "the action is based upon a promissory note which is secured by a real estate mortgage upon real estate situated in Douglas county, Nebraska."

The record contains no bill of exceptions. The petition shows that it was a plain suit at law on a promissory note with no indication that the note was secured. The transcript contains no answer of defendant on the merits, but the order containing the judgment on the note shows that both parties appeared by their respective counsel, waived a jury, and submitted the cause upon the pleadings, the evidence adduced and arguments of counsel.

On February 28, 1936, plaintiff pleaded to defendant's motion for stay of execution by filing what is entitled "Objections to Motion," consisting of thirteen paragraphs in which he alleged, among other things, that the note upon which judgment was entered was secured by a mortgage upon two lots in Bemis Park, an addition to the city of Omaha, subject to a mortgage to the Penn Mutual Life Insurance Company; that the latter company had foreclosed its mortgage and had a decree for $4,961.02, with interest at 10 per cent. from March 1, 1935; that plaintiff did not enter any appearance nor take any part in any of the proceedings to foreclose the mortgage of the Penn Mutual Life Insurance Company on the premises; and that the property is of insufficient value to satisfy the decree of the Penn Mutual Life Insurance Company. Plaintiff alleges in the objections that evidence in support of the facts alleged will be presented to the court by affidavits or otherwise at the time of the hearing.

To the above allegations of fact defendant filed a demurrer on March 3, 1936, on the ground that they do not constitute a legal objection to the right of defendant to a stay of proceedings. On March 4, 1936, the cause came on for hearing and the court overruled the demurrer. The order then says: "Thereupon this cause is submitted to the court upon the application of defendant for a moratory

stay. Upon consideration whereof, being fully advised in the premises, the court finds that the facts do not bring this case within the moratorium statute and that the request of defendant for a moratorium and stay of execution should be denied." From this order the appeal was taken.

The order is not very explicit as to exactly what happened, but it is clear that the stay was denied. Either (1) defendant elected to stand upon his demurrer or (2) evidence was taken by the court satisfying the court from the "facts" that the case was not one in which the stay should be allowed. If the former, then defendant, by his demurrer, admitted that the mortgage security was not adequate to pay the Penn Mutual first mortgage and plaintiff's mortgage. A general demurrer admits the truth of all facts well pleaded. *Carter v. Carrell,* 124 Neb. 542, 247 N. W. 348. If the latter, then plaintiff has brought here no bill of exceptions from which we can review the evidence or the hearing to determine whether defendant has any equity in the property. In other words, if defendant stood on his demurrer, he had admitted on the record that, in the language of the moratory statutes of 1933, and as extended in 1935, "good cause has been shown to the contrary;" if evidence was taken which satisfied the trial court that he was not entitled to the stay, defendant has not so perfected his appeal as to allow the judgment to be reviewed on that evidence. In either case, it results in an affirmance of the judgment.

In a suit at law on a note secured by mortgage, the defendant is not entitled to a moratory stay when the mortgage liens equal or exceed the value of the mortgaged premises. *Erickson v. Hansen,* 129 Neb. 806, 263 N. W. 132; *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792.

In the absence of a bill of exceptions or special findings, the only question that this court will consider is the sufficiency of the pleadings to sustain the judgment. *Plantz v. Peony Park,* 129 Neb. 338, 261 N. W. 826.

The judgment of the district court is

AFFIRMED.