B. A. BROWN v. INDIAN RIVER ORANGE LANDS, INC.
179 So. 789.

Opinion Filed February 15, 1938.
Rehearing Denied March 29, 1938.

*T. B. Ellis, Jr.,* for Plaintiff in Error;
*Sherman N. Smith, Jr.,* for Defendant in Error.

CHAPMAN, J.—On March 20, 1936, the Indian River Orange Lands, Inc., a corporation, filed in the Circuit Court of St. Lucie County, Florida, against B. A. Brown a declaration on a promissory note substantially as follows:

"Indian River Orange Lands, Inc., a corporation, by its undersigned attorney, sues B. A. Brown, defendant, for that, the said defendant, B. A. Brown, together with Josie Esther Brown, who was then and there his wife, and who because of being a married woman. is not liable to be sued thereon and is not made a party hereto for that reason, did on the 22nd day of October, 1923, by their promissory note now overdue, promise to pay to the order of Joseph J. Heim, at the office of the Commerce Trust Company, Kansas City, Missouri, on or before the 29th day of August, 1937, the sum of $1,500.00, with interest thereon from August 29, 1925, at the rate of five per cent. per annum until paid, and that in the event suit should be brought for the collection of said note, the said makers agreed to pay all the costs of collection, including reasonable attorney's fee. That the said Joseph J. Heim, to whom said note was made payable, is dead, leaving a last will and testament, in which Ferdinand Heim was duly appointed as executor thereof, and in which Gertrude H. Klemm was named as sole heir and beneficiary. That the said note was secured by a first mort-

gage of even date therewith, which said mortgage was recorded in Mortgage Book 31, page 426, public records of St. Lucie County, Florida, and that said mortgage provides that upon any default in the payment of said note, either as to principal or interest, that at the option of the holder the entire amount due thereunder should at once become due and payable. That said note and mortgage have been duly assigned and indorsed to the plaintiff herein and that the defendant is in default as follows: There is due the interest on said note from August 29, 1925, to date in the sum of $793.75, on which there has been paid the sum of $342.50, leaving the sum of $451.25 interest in default on said note, which is past due and payable, and by reason of the failure of said defendants to so pay said interest so in default, plaintiff herein has elected and does hereby elect to treat said note, both principal and interest, as due and payable; that in order to collect the same it has been necessary for plaintiff to institute this suit and for that purpose plaintiff has employed Sherman N. Smith, Jr., a duly licensed and practicing attorney of this court, to institute this suit for the collection of said note, and has agreed to pay and has actually obligated itself to pay the said attorney a reasonable attorney's fee for the institution and prosecution of this action."

Attached to the declaration is a copy of the note, mortgage and assignment from Gertrude H. Klemm, sole heir and beneficiary under the will of Joseph J. Heim, deceased. On June 5, 1936, defendant filed pleas, viz.: (1) That the alleged note is not his note; (2) that the alleged mortgage is not his mortgage; (3) he denies that the note and mortgage have been assigned and endorsed to plaintiff; (4) he denies that he is in default as alleged.

The cause was tried before a jury in the Circuit Court of St. Lucie County, and when the plaintiff rested its case the

defendant moved the court to direct a verdict for the defendant upon the ground that there was not sufficient proof to show that the plaintiff is the *owner* of the note and mortgage described in the declaration. The motion for a directed verdict in behalf of the defendant was denied. The defendant announced he had no testimony to offer in his behalf, whereupon the court, upon motion of plaintiff, directed the jury to return a verdict for the plaintiff, which was done. The defendant moved the court for a new trial upon various grounds, but the same was by the court overruled and denied. The defendant below caused to be signed and settled his bill of exceptions, sued out writ of error, and the cause is here for review on several assignments of error.

One of the assignments relied upon by plaintiff in error is that the trial court erred in receiving in evidence on part of plaintiff below over objection of the defendant the note sued upon because it was not shown by the testimony that the note had been transferred to the plaintiff. On the back of the note admitted over the objections of the defendant is the following endorsement: "Without recourse Ferdinand Heim Executor of Estate of Joseph J. Heim deceased." It is contended that the words, "Executor of Estate of Joseph J. Heim, deceased," are insufficient in law to pass title to the note offered in evidence over the defendant's objections and at the most is merely *description personnae* and a personal endorsement on the part of the named deceased. The following authorities are cited to sustain this conclusion, viz.: Branch v. Branch, 6 Fla. 314, text 323-325; Adams v. Higgins, 23 Fla. 13, 1 So. 321, text 325; State, *ex rel.* Palmer, v. Gray, 92 Fla. 1123, 111 So. 242, headnote 4, text 243-4; Thomas v. Martin, 100 Fla. 146, 129 So. 602; Clonts v. Cline, 100 Fla. 1449, 131 So. 321; Frost Proof State Bank v. Mallett, 100 Fla. 1464, 131 So. 322; Evans

v. Tucker, 101 Fla. 688, 135 So. 305; Goldman v. Hall, 115 Fla. 165, 155 So. 117.

In each of these authorities the Court had before it questions of pleading and there can be no uncertainty as to what was intended or meant and no complaint is to be found as to either. It is questionable that the omission of the word "as" on the endorsement of the note can be sustained by the authorities, *supra*. We fail to see how the endorsement of the note at bar is in conflict with Section 6804 C. G. L.

The authority and power of an executor was considered in the case of Carter v. Gilbert, 99 Fla. 1057-58, 128 So. 250, when this Court said:

"The contract entered into between Merrick and Gilbert was an executory contract and was a chose in action in the hands and possession of Gilbert at the time of his death."

In 11 R. C. L. 347, the author says:

"An executor or administrator becomes for most purposes the owner of the legal title to the goods of his testator, and may dispose of them as if they were his own, except that he cannot bequeath them, nor can they be taken on execution for his debt. His powers with regard to the sale or pledge of assets are much broader than those of a trustee, since normally he receives the actual title and is presumed to have the right to transfer it. At common law and in most jurisdictions today, he has absolute power of disposal over the whole personal property including choses in action."

It appears that the endorsement of the note in question was sufficient to transfer the title thereto as expressed in 8 Corpus Juris, page 339, par. 513, when it was said:

"PERSONS IN REPRESENTATIVE CAPACITY. Bills and notes belonging to the estate of a deceased owner may be transferred by his executor or administrator; and this, it is generally held, includes foreign, executors and administrators.

So paper belonging to a minor or other person under guardianship may be transferred by the guardian. The representative capacity of an executor or like person is not in general a necessary part of his signature; it is considered as a description of the person only and does not affect the sufficiency of the transfer."

Uniform Laws Annotated, Volume 5, page 334, par. 44, it was said:

"INDORSEMENT IN REPRESENTATIVE CAPACITY.—Where any person is under obligation to indorse in a representative capacity, he may indorse in such terms as to negative personal liability. * * *

"ADMINISTRATOR.—Where a note is made payable to the administrator of an estate and he, under a decree of distribution, indorsed it in his representative capacity to the guardian of the minor heirs, he is not personally liable as indorser. Carter v. Carrell (1933) 247 N. W. 348, 124 Neb. 542.

"EXECUTOR.—In Wolff v. Flateau (1923) 200 N. Y. S. 646, 206 App. Div. 134, an action was brought to recover a legacy from an executor personally. It appeared that a trust fund was established for the benefit of the plaintiff; that the executor was authorized to continue investments which testatrix had made; that the plaintiff accepted from the executor renewal notes originally made payable to the testatrix, in full payment of the legacy and executed a release to the executor individually and as executor; that the renewal notes made payable to the defendant executor were indorsed by him in the same form with the word 'executor' following his name, and that the plaintiff alleged that the executor made a collateral promise to pay the notes in case the maker did not do so. It was held that under the circumstances the indorsement in the form in which it was

made was not intended or accepted as an assumption of personal liability on the part of the executor.

"COMMITTEE.—An indorsement preceded by the words 'finance committee' relieves of individual liability. Chelsea Exch. Bank v. First United Presby. Church (1915) 152 N. Y. S. 201, 89 Misc. 616." * * *

It will be seen by the citations, *supra,* that the indorsement by the use of the words "Without recourse Ferdinand Heim Executor" was not only sufficient to transfer the title to the note sued upon, but fully negatives all personal liability on the part of the said Ferdinand Heim.

It is contended that the lower court erred in denying defendant's motion for a directed verdict and in granting plaintiff's motion for a directed verdict. The sufficiency of the verdict is considered under these assignments. The defendant's note and mortgage was filed in evidence with assignment thereof to the plaintiff. Mrs. Hattie E. Chamberlin knew Joseph J. Heim, of Kansas City, Missouri, as well as his said wife, Henrietta Heim, and that Mrs. Heim died in 1922 or 1923, and Mr. Heim died in 1927. C. J. Joiner testified that the note of B. A. Brown was sold to the plaintiff and deposited in the St. Lucie County Bank and that the defendant made payment thereon to the witness as Secretary to plaintiff. Louis Hall testified that the note in question was bought by the plaintiff on the indorsement of Ferdinand Heim, Executor in April, 1928; that $1,450.00 is due and no interest has been paid since September 24th, 1929.

The record discloses ample testimony to support the verdict. See Section 4363 C. G. L. We have carefully examined the entire record and find no error and for said reasons the judgment appealed from is hereby affirmed.

WHITFIELD, TERRELL and BUFORD, J., concur.

Ellis, C. J., dissents.

Brown, J., concurs specially.

Brown, J. (concurring).—The suit was filed before the note was due. In order to accelerate, plaintiff had to rely on the acceleration clause in the mortgage. A plea denied the assignment of the note and mortgage. The evidence showed assignment of the note, but *not* of the mortgage. Unless the assignment of the note carried the mortgage with it, the court erred in directing a verdict for plaintiff, as the note was not due when verdict and judgment were rendered. But we have frequently held the transfer of the mortgage note or debt carries the mortgage with it. I think the ruling of the trial court was correct. Collins v. Briggs, Inc., 98 Fla. 422, 123 So. 833; Miami Mtg. & G. Co. v. Drowdy, 99 Fla. 1092, 127 So. 323.