FRANCIS M. CASE, *et ux.*, Appellants, v. CHESTER H. SMITH, *et ux.*, Appellees.

200 So. 917
Division B
Opinion Filed March 7, 1941
Rehearing Denied March 27, 1941

*H. M. Hamilton,* for Appellants;
*Wallace E. Sturgis,* for Appellees.

CHAPMAN, J.—The record in this case discloses that on April 2, 1932, John J. Walsh and wife executed and delivered to Chester H. Smith and wife a purchase price mortgage for certain described real estate situated in Marion County, Florida. The amount of the indebtedness was evidenced by forty-one notes aggregating $4,000.00 and matured monthly over a period of time from May 25, 1932, until July 2, 1935. Walsh made some payments on the indebtedness and on June 20, 1933, conveyed the property described in the mortgage to Francis M. Case and wife, subject to the unpaid purchase price of the described real estate evidenced by the said notes and mortgage.

On May 9, 1934, Chester H. Smith and wife transferred and assigned to Dr. J. C. Vinson, of Tampa, Florida, twelve of the said notes. On September 22, 1934, Dr. Vinson filed in the Circuit Court of Marion County, Florida, a suit to foreclose in which it was alleged that the note maturing August 25, 1934, had matured and remained unpaid. Francis M. Case was a party defendant in the Vinson suit, but our search of the record fails to show that Chester H. Smith and wife, or either of them, were made parties or otherwise appeared therein. Numerous pleadings were filed by the parties and the case was dismissed by an order of the court dated December 22, 1937, under the provisions, it is asserted, of Chapter 14554, Acts of 1929, Laws of Florida.

Dr. J. C. Vinson reassigned, transferred and endorsed over to Chester H. Smith, without recourse, the twelve notes owed by him and involved in the suit dismissed on December 22, 1937. On March 29, 1938, Chester H. Smith and wife filed in the Circuit Court of Marion County, Florida, their bill of complaint for the purpose of foreclosing the purchase price mortgage and made Francis M. Case and wife, Carrie S. Case, parties defendant. It was alleged therein that John J. Walsh and wife, Pearl E. Walsh, on June 28, 1933, conveyed the mortgaged lands to Francis M. Case and Carrie S. Case, but that said conveyance was made subject to the unpaid balance due on the notes and mortgage. The bill of complaint is in the usual form, with a few additional allegations which appear therein.

On May 20, 1938, the defendants filed an answer to the bill of foreclosure, in which many of the material allegations are admitted to be true, inclusive of the unpaid balance evidenced by the twelve notes and purchase price mortgage. The answer then set out in detail a conspiracy between the plaintiffs and J. C. Vinson, and after the recital of many

facts, states that the acts and doings of these conspirators in law amount to a fraud on the defendants. It is stated that the lands conveyed were represented to be forty-six acres, but on a survey by competent surveyor only forty and a fraction acres were actually transferred.

On January 2, 1940, the case as made by the pleadings was referred to Carl F. Crossley, with directions to take the testimony of the parties and to report the same in writing to the court, with his findings as to law and fact. The parties submitted their testimony and on final hearing the equities of the cause were decreed to be with the plaintiff below, and from this final decree an appeal has been perfected to this Court.

It is contended that the order of dismissal dated December 22, 1937, of the foreclosure suit brought by Dr. J. C. Vinson under the provisions of Chapter 14554, *supra,* involving the identical notes and mortgage as are here involved, precludes, as a matter of law, the maintenance of the present suit. It is fundamental that the notes now before the court are negotiable and the mortgage is incidental thereto, and Dr. Vinson had a lawful right to assign or transfer the same. See American Central Ins. Co. v. Whitlock, 122 Fla. 363, 165 So. 380; Warren v. Seminole Bond & Mtg. Co., 127 Fla. 107, 172 So. 696. The law provides a forum for the decision of such controversies and disputes and the record fails to show the lower court passed on or decided the merits of the case on the issues then made by the parties. It merely entered an order of dismissal for failure to prosecute "because the said cause had been abandoned." We fail to find merit in this contention. See Jones v. Gillian, 134 Fla. 575, 184 So. 140.

One of the elements of fraud set up as a defense in the lower court and asserted here as a ground of reversal is to the effect that the land conveyed by Chester H. Smith

and wife to Walsh and by Walsh and wife to Francis M. Case and wife contained forty-six acres and was an orange grove and was valued in the trade by the appellants at around $300.00 per acre, when in truth and in fact the number of acres conveyed was not forty-six but only forty and a fraction acres. The testimony of a surveyor and a drawing of the land as made by the surveyor, seems to support the contention that only forty and a fraction acres were conveyed rather than forty-six. The appellants here bought the property subject to the purchase price mortgage involved in this suit. We have read with deep interest the authorities cited by counsel for appellants to sustain their position. The rule applicable to the point in controversy is expressed by Wiltsie on Mortgage Foreclosure, Vol. 1 (5th Ed.), par. 105, pages 191-2, thusly:

"105. Misrepresentation as to Number of Acres; Purchase Money Mortgage.—. . . But it has been held that the vendee of land cannot claim a deduction from a purchase money mortgage in a foreclosure suit, on the ground that his vendor misstated the number of acres of land conveyed, and that the vendor of such vendee, who was the mortgagee and complainant, made a similar misstatement when he sold such land. To authorize a deduction the mortgagee and the owner must be privies in contract. Thus, where A sold a farm to B, misstating the number of acres, and taking a mortgage for part of the consideration and B sold, making the same misstatement, to C, who assumed the payment of B's mortgage, in an action by A to foreclose, it was held that C could not set up these facts in order to offset his damages against the mortgage." See Davis v. Clark, 33 N. J. Eq. (6 Stew.) 579.

We have carefully considered the other questions posed by counsel for appellants for a decision by this Court on this appeal. While some of these questions appear to

possess an equitable background, the fact remains that the appellants bought the property subject to this recorded mortgage. We cannot rewrite the agreement between the parties or change their contract. Our duty is to enforce the contract as made. The appellant had an opportunity to examine or survey the property and determine the acreage prior to purchase. The rate of interest and provisions of the mortgage as to attorneys' fees and court costs were known to the appellants, or they were charged with a knowledge of the many provisions of the recorded mortgage appearing in the office of the Clerk of the Circuit Court of Marion County prior to the purchase of the land.

The record has been studied, briefs examined and able oral argument heard at the bar of this Court, but we fail to find error in the record and accordingly the decree appealed from is hereby affirmed.

Brown, C. J., Terrell and Thomas, J. J., concur.