NESBITT, Judge.
This is an appeal from a post-decretal order denying a motion to vacate a final judgment decreeing specific performance. We have jurisdiction. Fla.R.App.P. 9.130(a)(4).
Bliss sold Carmona a lot for the total purchase price of $1,300,000. Bliss received $42,000 as an earnest money binder. At the *1018 time of this sale, the lot was encumbered by three separate mortgages. The land sale contract provided that the mortgages were to be assumed by Carmona. It became necessary for Carmona to seek enforcement of the contract. He, in fact, obtained a judgment of specific performance compelling Bliss to convey by a day certain, or else the judgment would act as a deed of conveyance. That judgment required Carmona to assume or satisfy the three existing mortgages.
The mortgages all contained provisions authorizing acceleration by the mortgagees upon default. Bliss had defaulted on the mortgage payments and the mortgagees had accelerated as they were privileged to do. Scarfo v. Peever, 405 So.2d 1064 (Fla. 5th DCA 1981); Federal Home Loan Mortgage Corporation v. Taylor, 318 So.2d 203 (Fla. 1st DCA 1975); Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970). Since Bliss was not able to pay the accelerated debt, the mortgages had gone into foreclosure.
Carmona, as vendee, was charged with full knowledge of the acceleration provisions, Case v. Smith, 146 Fla. 340, 200 So. 917 (1941), which in effect, prevented him from assuming the mortgages. Seeing this avenue closed, Carmona requested that the mortgagees assign the mortgages to a bank that had agreed to refinance the mortgages for Carmona. When the mortgagees refused, Carmona filed an emergency motion in the trial court requesting a modification of the final judgment to require that the conveyance by Bliss be conditioned upon assignment of the mortgages to the aforementioned bank. This motion was filed only two days prior to the closing date fixed by the judgment, and for reasons which are not relevant to our inquiry, the trial court never ruled on it. Bliss and Carmona thus proceeded to closing based on the judgment of specific performance as it stood.
At closing, Carmona took inconsistent positions. Initially, he attempted to demonstrate that he was capable of satisfying the existing mortgages by displaying cashier’s checks in amounts sufficient to retire the respective mortgage principals and unpaid interest, plus costs and attorney's fees. Consequently, the closing statement indicated that Carmona was being credited with the aggregate unpaid principal and interest of the three mortgages in the approximate sum of $350,000, and it also gave Carmona credit for the recordation of three satisfactions of mortgage with the clerk of the court. However, the cashier’s checks were never actually tendered. Instead, they were returned to a loan officer from the issuing bank before the closing was completed, indicating that they were not the property of Carmona and would not be tendered absent an assignment from the mortgagees to the issuing bank.
As an alternative, Carmona attempted a unilateral assumption of the mortgages. Bliss, in obedience to the judgment of specific performance, conveyed by warranty deed to a corporate assignee with which Carmona was in admitted privity. The deed provided that Carmona’s corporation was assuming the three existing mortgages and that Bliss was accepting a “fourth mortgage” for the unpaid purchase price.
A month after the court-ordered closing, Bliss moved to vacate the judgment of specific performance on the basis that Carmo-na had failed to satisfy the mortgages or to validly assume them and that it was “no longer equitable that the judgment . .. should have prospective application.” Fla. R.Civ.P. 1.540(b)(5). The motion was denied and this interlocutory appeal ensued.
Carmona attempts to support the order denying the motion to vacate on the ground that he validly assumed the existing mortgages by virtue of the assumptions memorialized in the deed. This argument is totally inadequate. Although under the judgment Carmona had the option of either satisfying or assuming the three mortgages, under the operative facts on the date of closing, he could only satisfy the mortgages. This he failed to accomplish and has not achieved to this day. Carmona has, therefore, completely failed to comply with the judgment of specific performance.
*1019 When the buyer wins the right to specific performance and cannot comply with the judgment or refuses to do so, equities shift and the seller has the right to vacate the judgment. Delray Beach Whitehouse Apts., Inc. v. Hoffman, 257 So.2d 550 (Fla. 1972). It is of no moment that Bliss agreed to become a “fourth mortgagee”[1] in the present case. Had Carmona done that which was required of him, Bliss’ fourth mortgage would have become a first mortgage on or shortly after the closing. Car-mona’s noncompliance with the judgment severely jeopardized Bliss’ interest in the property under foreclosure. Equities have clearly shifted in favor of Bliss and vacation of the judgment of specific performance.
The order denying the motion to vacate the final judgment of specific performance is reversed with directions that the court retain jurisdiction to restore Bliss and Car-mona to their original positions prior to the execution of the land sale contract at a time and in a manner consistent with the circumstances of the parties.
Reversed and remanded with directions.

. Bliss did not agree to subordinate his fourth mortgage to the lien of any future encumbrance as suggested in Judge Baskin’s dissent.