742 So.2d 300 (1998)
CHEMICAL RESIDENTIAL MORTGAGE, formerly known as Margaretten & Company, Inc., now known as Chase Manhattan Mortgage Corporation, Appellant,
v.
Terry RECTOR and Patricia Rector, et al., Appellees.
Nos. 97-4380, 98-432.
District Court of Appeal of Florida, First District.
October 7, 1998.
Roger D. Bear of Roger D. Bear, P.A, Orlando, and Shawn G. Rader of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellant.
Fred Tromberg and Deborah L. Greene of Tromberg & Safer, Jacksonville, for Appellees Terry Rector and Patricia Rector.
BARFIELD, Chief Judge.
In this appeal from several orders entered in a mortgage foreclosure action, we find that the trial court erred as a matter of law in its order of June 30, 1997, in which it denied the appellant/mortgagor's April 23, 1997, motion to amend the final judgment of foreclosure and reset the sale date, vacated the April 7, 1995, final judgment of foreclosure, and vacated the August 5, 1996, order amending the final judgment. We find that the complaint properly stated a cause of action for foreclosure by the holder of the note and mortgage. When they did not timely respond to the complaint, the appellees/mortgagees waived any denial of its allegations that the appellant was the owner and holder of the note and mortgage and that the appellees had defaulted on the note and mortgage. Because the lien follows the debt,[1] there was no requirement of attachment of a written and recorded assignment *301 of the mortgage in order for the appellant to maintain the foreclosure action.
The June 30, 1997, order is REVERSED. The appellees' motion for appellate attorney fees is DENIED. The appellant is entitled to appellate attorney fees. This case is REMANDED to the trial court, which shall reinstate the April 7, 1995, final judgment of foreclosure, vacate its order of June 30, 1997, and all subsequent orders, reconsider the appellant's motion to amend the final judgment of foreclosure and set a new sale date, and determine a reasonable appellate attorney fee.
DAVIS, J. and SHIVERS, DOUGLASS B., Senior Judge, concur.
NOTES
[1] See, Warren v. Seminole Bond & Mortgage Co., 127 Fla. 107, 172 So. 696 (1937); Johns v. Gillian, 134 Fla. 575, 184 So. 140 (Fla. 1938); American Central Ins. Co. v. Whitlock, 122 Fla. 363, 165 So. 380 (1936); Collins v. W.C. Briggs, Inc., 98 Fla. 422, 123 So. 833 (1929); Drake Lumber Co. v. Semple, 100 Fla. 1757, 130 So. 577 (1930).